Mary Louise STOVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 35477.

Court of Criminal Appeals of Texas.

March 13, 1963.

LeRoy Peavy, Houston, for appellant.

Frank Briscoe, Dist. Atty., Gus J. Zgourides and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant was convicted for the offense of felony theft on April 14, 1960. Her punishment was assessed at two years' confinement in the penitentiary but execution of sentence was deferred and she was placed on probation under the Adult Probation laws of this state.

On January 5, 1962, the state, through its district attorney, filed a motion to revoke the probation, alleging therein that appellant had violated the terms and conditions of her probation in that on or about December 10, 1961, she was picked up with a person of disreputable character for forging money orders; that she failed to report to her probation officer as directed; and that she failed to make restitution as directed. The state set out in its motion that these things required of the appellant to be performed were among the conditions imposed at the time appellant was accorded probation.

On October 5, 1962, after having held a hearing on the state's motion to revoke appellant's probation the court found that she had violated the terms of her adult probation previously accorded her, and ordered that the "Sentence herein become now operative." It is from that order that appellant prosecutes this appeal.

It is appellant's position that the warrant of arrest must issue and the arrest must be made during the term of the probation assessed in the judgment. Appellant cites Section 5 of Art. 781b (now, Art. 781d, Sec. 8), Vernon's Ann.C.C.P., and several cases in support of her position.

■ The mere fact that a motion has been filed during the probation term alleging a violation of the conditions of probation will not authorize revocation after such term has expired. Only the court's action author-izing the arrest of the probationer, followed by diligent effort to apprehend and hear and determine the claimed violation, can authorize revocation after the probation term has ended.

The order of the court placing appellant on probation prescribes, among other conditions, that she shall—part (i)—"make restitution," but it does not direct the payment of any sum, on any date, to anyone, as a requirement. Nor does part (d) of the order do more than state that defendant shall "Report to the probation officer as directed." The order does contain as one of its terms as set forth in part (c) that defendant shall "Avoid persons or place of disreputable or harmful character."

The probation officer, Charles J. Hearn, by reading from some paper or instrument, testified as to the terms of probation imposed by the judge upon appellant that among the conditions of probation were that appellant "Report to the probation officer as directed," "Avoid persons or places of disreputable or harmful character," and "Make restitution or reparation in any sum that the Court shall determine, to-wit $90 to J. M. Lucky at $10 a month, beginning July the 1st, 1960."

We cannot determine from the record before us what the paper or instrument was that the witness Hearn was reading from.

We have also been unable to find in the order granting probation any requirement that appellant report to the probation officer at any specific time.

■ We find the evidence insufficient to support the allegation that appellant associated with persons of disreputable character.

It is incumbent upon a trial judge to incorporate in his order granting probation the conditions upon which the accused is probated, so that the accused and the authorities may know with certainty what those conditions are. Glenn v. State, 168 Tex.Cr. R. 312, 327 S.W.2d 763. The conditions imposed by the court in the order granting

**810**

probation to appellant, upon which the revocation is predicated, do not meet these requirements.

The judgment is reversed and appellant is ordered discharged.