Jackie Ray WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0125–CR.

Court of Appeals of Texas, Amarillo.

Feb. 28, 1983.

---

Marion J. Craig, III, Hereford, for appellant.

Roland Saul, Dist. Atty., Hereford, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

The appellant, Jackie Ray Williams, was indicted for the offense of burglary of a habitation. 676 S.W.2d 399 (Tex.Cr.App. 1984). Tex.Penal Code Ann. § 30.02(a)(3) (Vernon 1974). The jury found the appellant guilty of the offense. The punishment phase of the case was tried before the court with the jury. After finding the enhancement allegations to be true, the court followed the mandatory provisions of Tex. Penal Code Ann. § 12.42(d) (Vernon 1974), and assessed the appellant's punishment at life imprisonment in the Texas Department of Corrections. By seven grounds of error, the appellant claims the judgment should be reversed. Concluding that the trial court committed reversible error in the charge to the jury, we reverse and remand.

The appellant's second ground of error presents our initial inquiry. By that ground of error, he claims the trial court committed reversible error in its charge to the jury because that charge authorizes a conviction on theories not alleged in the indictment. We agree.

In pertinent part, the indictment reads: that JACKIE RAY WILLIAMS, who is hereinafter styled Defendant, *acting together with* Rebecca Jane Taylor *and* Pete DeLaRosa a/k/a Angel Pecero, on or about the 24th day of June, A.D., 1980, and anterior to the presentment of this indictment, in the County and State aforesaid, did then and there knowingly and intentionally enter a habitation without the effective consent of Travis McGaughey, the owner, and therein attempted to commit and committed theft. (emphasis added).

In the charge, when applying the law to the facts in the fifth paragraph, the trial court tracked the above allegations in the indictment; however, in the eighth paragraph, the court further charged:

Now, if you find from the evidence beyond a reasonable doubt that the defendant, JACKIE RAY WILLIAMS, *either acting with REBECCA JANE TAYLOR or with PETE DeLaROSA a/k/a ANGEL PECERO, or with both,* as a party to the offense, as that term is hereinbefore defined, did knowingly and intentionally, in Deaf Smith County, Texas, on or about the 24th day of June A.D., 1980, enter a habitation without the effective consent of Travis McGaughey, the owner, and therein attempted to commit and committed theft, then you will find the defendant guilty of Burglary of a Habitation. (emphasis added).

■ The indictment charges that the appellant committed the alleged offense by *acting together with* Rebecca Jane Taylor *and* Pete DeLaRosa a/k/a Angel Pecero. This theory was submitted to the jury in the fifth paragraph of the charge. However, by charging in the disjunctive in the eighth paragraph, the court submitted two different and less onerous theories for conviction (*i.e.* either acting with Rebecca Jane Taylor *or* with Pete DeLaRosa) which are not alleged in the indictment. In this regard, it is settled that the trial court commits reversible error "when the charge to the jury authorizes conviction on the theory alleged in the indictment and on one or more other theories not alleged in the indictment." *Cumbie v. State*, 578 S.W.2d 732, 734 (Tex.Cr.App.1979). As the court pointed out in *Cumbie*, the condemned charge "permit[s] conviction on proof different from (and sometimes less than) that required to prove the allegations in the indictment." *Id.*

We readily acknowledge that disjunctive charges have been approved in certain instances where the indictment conjunctively charges two or more statutorily defined methods for committing the alleged offense and the evidence at trial raises each method of commission. *Cowan v. State*, 562 S.W.2d 236, 240 (Tex.Cr.App.1978). However, that rule is not applicable in this instance. The indictment in the present case does not conjunctively or otherwise allege two or more statutorily defined methods of commission. As stated above, the indictment merely states that appellant committed the alleged offense by "acting together with Rebecca ... and Pete [*i.e.* one method of commission]." Thus, under this indictment, the court could not properly have charged in the disjunctive or otherwise on the less onerous and unalleged theories of conviction. *See Kahanek v. State*, 83 Tex.Cr.R. 19, 201 S.W. 994, 995 (1918). Accordingly, we sustain the appellant's second ground of error.

Although our disposition of the second ground of error requires a reversal of the conviction, grounds one, four and five present matters which we address in view ·of a retrial on remand.

■ By his fourth ground of error, the appellant claims that the trial court committed reversible error by overruling his motion to dismiss the indictment because the indictment fails to allege an essential element of the offense charged (*i.e.* that Travis McGaughey, the owner, "had a greater right to the possession of the property than did the Appellant"). We disagree.

In pertinent part, the indictment reads: that JACKIE RAY WILLIAMS, who is hereinafter styled Defendant, acting together with Rebecca Jane Taylor and Pete DeLaRosa a/k/a Angel Pecero, on or about the 24th day of June, A.D., 1980, and anterior to the presentment of this indictment, in the County and State aforesaid, did then and there knowingly and intentionally enter a habitation *without the effective consent of Travis McGaughey, the owner*, and therein attempted to commit and committed theft. (emphasis added).

Section 30.02(a)(3) provides that "(a) a person commits an offense if, without the effective consent of *the owner*, he ... (3) enters a building or habitation and commits or attempts to commit a felony or theft." (emphasis added). In *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981) (on State's Motion for Rehearing), the Court of Criminal Appeals stated that where the Legislature has established offenses and the elements constituting them, and those terms and elements are further defined in the Penal Code,

[T]he definitions of the terms and elements are *essentially evidentiary and need not be alleged in the indictment.* This is, in effect, the general rule that, subject to rare exceptions, an indictment which tracks the words of the penal statute in question is legally sufficient. *Phillips v. State*, supra; *May v. State*, supra; and *Parr v. State*, 575 S.W.2d 522 (Tex.Cr.App.1978). *Thus, only "owner" need be alleged with no further elaboration. Id.* at 161. (emphasis added).

In the present case, the indictment essentially tracks the statute by alleging "without the effective consent of Travis McGaughey, the owner," thus no further elaboration in the indictment is essential. The *fourth ground is overruled.*

■ By his fifth ground of error, the appellant maintains that the trial court erred by overruling his motion to prevent proof of alleged void convictions and by allowing proof of such prior convictions at the punishment phase of the trial. We disagree.

In the present case, the enhancement provisions of the indictment read:

Before the commission of the offense alleged above, hereinafter styled the primary offense, on the 13th day of August, 1971, in Potter County, Texas, *in Cause Number 15168A,* styled the *State of Texas VS Jackie Ray Williams,* in the 47th District Court in and for Potter County, Texas, the Defendant was convicted of the felony of *robbery by assault.*

Before the commission of the primary offense, and after the conviction in Cause Number 15168A was final, *the Defendant committed the felony of burglary* and was convicted in Potter County, Texas, on the 17th day of November, 1975, *in Cause Number 16953A,* styled the *State of Texas VS Jackie Ray Williams,* in the 47th District Court in and for Potter County, Texas; (emphasis added).

The appellant claims the indictment in cause number 15168A for robbery by assault is fatally defective because the indictment fails to allege an essential element of the offense (*i.e.* that property was taken "with the intent to appropriate the same to his own use" as prescribed by the Penal Code in effect at the time of the alleged offense). The record shows that the appellant and another person were jointly indicted for robbery by assault on Jack Bell. That indictment alleges that the offense occurred on 30 July 1971. Article 1408 of

Tex.Penal Code Ann. (Vernon 1925), the Penal Code in effect at that time, provided:

If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use....

In pertinent part, the indictment in 15168A reads:

that BRACE MURPHY and JACKIE WILLIAMS hereinafter called defendants on or about the 30th day of July, A.D., 1971, and anterior to the presentment of this Indictment, in the County of Potter and State of Texas, in and upon Jack Bell did make an assault and did then and there by the said assault, and by violence to the said Jack Bell, and by putting the said Jack Bell in fear of life and bodily injury, fraudulently, and without the consent of the said Jack Bell take from the person and possession of him, the said Jack Bell a quantity of dangerous drugs, to-wit: nembutal capsules, the same being the property of the said Jack Bell, *with the intent to deprive the said Jack Bell of the same, and to appropriate the same to their, the said defendants' own use....* (emphasis added).*

This indictment essentially tracks the robbery assault statute in effect at the time of the charged offense. The indictment specifically alleges that property was taken from Jack Bell with the intent: (1) to deprive the said Jack Bell of the same; and (2) to appropriate the same to their, the defendants' own use. Thus, the appellant's challenge to the indictment in cause no. 15168A is overruled.

■ The appellant further claims that the indictment for burglary in cause no. 16953A is fatally defective because "no definition is given to the term 'owner' as used in such indictment." In pertinent part, the indictment in 16953A reads:

that JACKIE WILLIAMS hereinafter called defendant on or about the 5th day

---

* Apparently, this indictment was taken from the time-tested form stated in S. Willson, Texas

Criminal Forms Annotated § 1950 (6th ed. 1956).

of August, A.D., 1975, and anterior to the presentment of this Indictment, in the County of Potter and State of Texas, did then and there knowingly and intentionally, with intent to commit theft, enter a habitation which was not open to the public, *without the effective consent of David Williamson, the owner....* (emphasis added).

The indictment charged the appellant under § 30.02(a)(1) of the Texas Penal Code. The indictment essentially tracks the statute by alleging "without the effective consent of David Williamson, the owner," thus no further elaboration is essential. *See Thomas v. State*, 621 S.W.2d 158, 161. The appellant's challenge to the indictment in cause no. 16953A is overruled. Accordingly, the fifth ground is overruled.

By his first ground of error, the appellant maintains that the trial court committed reversible error by overruling his motion to suppress and by admitting evidence seized in the search of a car in which he was found. Again, we disagree.

The appellant was charged by indictment with the offense of burglary of a habitation in Deaf Smith County, Texas, allegedly committed on or about 24 June 1980. The appellant and two other individuals were arrested in Amarillo, Texas, at approximately 11:00 p.m. on 24 June 1980. The record shows that earlier in the evening hours of 24 June 1980 there was an armed robbery of Jerry's Pharmacy in Amarillo. At approximately 9:00 p.m. on that day, Amarillo police officer Steven Jefferson was the first officer to arrive at the scene of the armed robbery. By speaking to some of the witnesses, he received an initial description of "two white males and one white female involved in the incident and a green over black or black over green older model Chevrolet was involved in it and had left Jerry's Pharmacy south." This description was expanded by a broadcast over the police radio. Officer Jefferson testified that he heard the later description. This description added that the license plates read MFP–987, that one male suspect wore a cowboy-type hat, that the

other male suspect wore mirror-type sunglasses and that the female had an afro hairdo. At approximately 10:50 p.m., Officer Jefferson, in response to a call concerning a parked vehicle that "did not belong," observed a green over black Chevrolet bearing license plates WFP–978 and containing the appellant, Mr. De La Rosa and Mrs. Taylor; they were "slumped over or passed out." The appellant had on a cowboy hat, De La Rosa was wearing mirrored sunglasses and Mrs. Taylor had her hair in an "afro-type" style; all as described over the police radio. Officer Jefferson further observed some syringes and cigarettes on the back seat, thought to be among the items taken in the Jerry's Pharmacy robbery.

After the appellant and the two other individuals were arrested, handcuffed and removed from the car, the vehicle was briefly searched by back-up officer David Lee, who then drove it to the police station. A more extensive search was conducted at the station. In this regard, the record shows that the officers were searching for the fruits of the armed robbery at Jerry's Pharmacy. The record further shows that a pink satchel was sitting on the back seat of the vehicle within the officer's plain view. A search of the pink satchel revealed a key to the trunk of the car. A search of the trunk disclosed items of property which were the fruits of the habitation burglary in Deaf Smith County.

Under the first ground of error, the appellant first contends that the police officers' warrantless search of the automobile conducted at the police station after his earlier arrest violated the fourth amendment of the United States Constitution. We disagree.

█ It is settled that the essential inquiries in a warrantless search are: (1) if there was probable cause for the search; (2) if the failure to obtain a warrant was excusable because the search was *incidental* to a lawful arrest *or* justified by some exigent circumstances; and (3) if the scope of the search was consistent with its purpose. *Maldonado v. State*, 528 S.W.2d 234, 239

(Tex.Cr.App.1975). *See also Wilhelm v. State,* 426 S.W.2d 850 (Tex.Cr.App.1968). However, relying on *Maldonado,* and *Preston v. United States,* 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, the appellant specifically argues that the search was not incidental to his arrest because the automobile was removed from the arrest scene and searched at the police station.

In *Maldonado,* the defendant was arrested at the Comal County Courthouse at 9:00 a.m. on 31 August 1973. The truck the defendant had been driving prior to his arrest had been removed to the police garage. At 3:00 p.m. on 31 August 1973, the police searched the truck at the police garage and found contraband property (*i.e.* marihuana). The court held that the search was not incidental to the arrest because it was conducted six hours after the arrest and at a place other than the arrest scene.

In the present case, the appellant's reliance on *Maldonado* is misplaced. Under circumstances similar to those presented in this instance, the court determined in *Wilhelm v. State,* 426 S.W.2d at 852–53, that the search was incidental to a lawful arrest. In *Wilhelm,* the defendant was arrested on probable cause, the vehicle was briefly searched at the arrest scene, and then the defendant and the vehicle were removed to the police station where a more extensive search of the vehicle was continued.

■ In further support of his contention, the appellant points out that the court in *Preston* stated that: "Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to arrest." 376 U.S. at 367, 84 S.Ct. at 883. However, in *Wilhelm,* the court acknowledged the statement from *Preston* and stated:

"It is doubtful if Preston should be interpreted to mean a police officer must under all circumstances search or complete the search of the vehicle at the moment of arrest when an equally prudent course of action would be to move the vehicle to a more convenient or suitable location for the search."

\* \* \* \* \* \*

"We are inclined to believe that the holding in Preston turned upon the lack of continuity in purpose by the arresting officers there." [citations omitted].

426 S.W.2d at 853, and *Taylor v. State,* 421 S.W.2d 403, 408 (Tex.Cr.App.1967). Thus, under the circumstances in this instance, we conclude that the police officers' continued search of the vehicle at the police station, which began at the arrest scene, did not violate the fourth amendment of the United States Constitution. *See Wilhelm v. State,* 436 S.W.2d at 850; *Arwine v. Bannan,* 346 F.2d 458 (6th Cir.1965), *cert. denied,* 382 U.S. 882, 86 S.Ct. 175, 15 L.Ed.2d 123 (1965); *United States v. Dento,* 382 F.2d 361 (3rd Cir.1967).

■ Under the first ground of error, the appellant further maintains that the search of the pink satchel and the trunk violated the fourth amendment to the United States Constitution. The appellant's brief was filed in the present case before the court's decision in *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). In *Ross* the court stated:

We hold that the scope of the warrantless search authorized by that exception [*i.e.* the automobile exception stated in *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)] is no broader and no narrower than a magistrate could legitimately authorize by warrant. *If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.* (emphasis added).

Thus, in the present case, we conclude that: (1) the police officers' warrantless search of the vehicle was predicated on probable cause; (2) the appellant's warrantless arrest was predicated on probable cause, *see Edwards v. State,* 344 S.W.2d 687, 689 (Tex.Cr.App.1961); *Johnson v. State,* 436 S.W.2d 906 (Tex.Cr.App.1968); *Williams v. State,* 621 S.W.2d 609, 611–12 (Tex.Cr.App.

1981), and the cases cited therein; (3) the search of the vehicle was incidental to the appellant's lawful arrest; and (4) the scope of the search was consistent with its purpose (*i.e.* to find contraband from the armed robbery at Jerry's Pharmacy). Accordingly, we overrule the appellant's first ground of error.

The appellant's remaining grounds of error do not present matters which would require a different result in the case and, further, do not present matters which are likely to reoccur in a new trial; therefore, we do not further address those grounds of error. Accordingly, the judgment of conviction is reversed and the action is remanded for a new trial.