David Gonzales FLORES, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–268–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 22, 1983.

 

Celso Rodriguez, Huerta, Beckman & Rodriguez, Corpus Christi, for appellant.

Robert E. Bell, Dist. Atty., Edna, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a revocation of probation. Appellant contends that the case should be reversed because the evidence is insufficient to support the revocation of appellant's probation and because the trial court incorrectly admitted hearsay evidence. We affirm.

Appellant pled guilty on October 25, 1976, in the 24th Judicial District Court of Jackson County, Texas, to the felony offense of aggravated rape. His punishment was assessed at confinement in the county jail for thirty days, plus imprisonment for ten years, plus a fine of $2,500.00, and appellant was placed on probation for a period of ten years.

On April 22, 1983, the State filed a motion to revoke appellant's probation. The petition alleged that appellant: (1) violated condition No. 1 of his probation by committing an offense against the laws of the State of Texas by intentionally and knowingly having sexual intercourse on or about January 15, 1983, in Nueces County, Texas, with a female (appellant's seven year old daughter) who, at the time, was younger than seventeen years of age and was not the wife of the appellant, (2) had failed to make monthly payments of $50.00 per month upon his fine of $2,500.00, and owed a balance of $1,083.00 on his fine in violation of condition No. 14 of his probation; and (3) failed to pay the supervisory fee of $10.00 per month, for several months in violation of condition No. 16 of his probation terms.

The trial court held a hearing concerning the motion to revoke appellant's probation and found that appellant had committed an offense against the laws of the State of Texas, failed to pay the fine and costs, and failed to pay supervisory fees, as alleged in the State's petition to revoke probation. The trial court then sentenced appellant to

confinement in the Texas Department of Corrections for a term of ten years.

■ Appellant's first ground of error alleges that the evidence is insufficient to support the revocation of probation because the record fails: (1) to show venue of the alleged offense in Nueces County, Texas; (2) to show the date (January 15, 1983) of the offense as alleged in the motion to revoke probation; and (3) to prove that appellant willfully failed to pay his fine and supervisory fee.

We will first review appellant's contention that the evidence is insufficient to sustain the revocation based upon his failure to pay the fine and the probation fee. This particular point determines the validity of the trial court's revoking appellant's probation for his having violated conditions No. 14 and No. 16 of his probation terms. The inability of the probationer to pay probation fees or restitution, as ordered by the court, is an affirmative defense to revocation, which the probationer must prove by a preponderance of the evidence. TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon Supp. 1982–83); *Jones v. State,* 589 S.W.2d 419, 420, 421 (Tex.Cr.App.1979).

■ In reviewing the evidence to determine whether the trial court abused its discretion in finding that appellant had wrongfully failed to pay his probation fee and his fine, we must view the evidence in the light most favorable to the verdict. *Jones* at 421.

■ Adult probation officer Janet Simmons testified that appellant was delinquent on paying his fine a year ago on May 21, 1982, when he made his last $50.00 per month payment, and appellant was currently delinquent in the amount of $1,083.00. Simmons then testified that appellant was also delinquent on paying his supervisory fees. Appellant's last payment was the $50.00 that he paid on October 15, 1982. When this payment was made, appellant was delinquent; the appellant paid his supervisory fees for prior months and through all or part of September, 1982. Simmons also testified that her records showed that

appellant was employed part of the time when he failed to pay his fine or his probation fee.

Although appellant's testimony was somewhat confusing, appellant testified that he was paid for driving a truck, and that he paid half of the expenses and received half of the profits from his brother's truck. Appellant further testified that his income varied depending upon how much freight he had to haul, that he had worked part of the past year and a half, and that he had been supporting his family until this last month. Appellant testified that he owed half of the truck expenses each month, but his testimony was unclear as to whether the total truck payment, or his half of the truck payment, was $1,245.00 each month. Appellant also testified that his monthly expenses included $291.00 for insurance, $135.00 for his house, $148.00 for the car, and food and clothing expenses. Appellant also testified that he was spending money on his house because it was condemned when he bought it and he was behind on the taxes and everything else.

Appellant testified that during the last year and a half, when appellant was becoming delinquent on his fines and his supervisory fees, he had paid in excess of $38,-000.00 toward the reduction of the principal due on the truck. Appellant also testified that two days before trial he had obtained a loan on "his other truck, his brother's truck," to pay the final two payments for his first truck.

The $38,000.00 which appellant paid on the truck during the eighteen months in question was in excess of the amount of money which appellant testified he was required to pay toward the truck. The trial court was entitled to believe that the appellant did not prove by a preponderance of the evidence that he was unable to pay his fine or supervisory fees during this time. This contention is without merit.

■ In review of a revocation of probation, if there is evidence to support one or more findings by the trial court of a violation by appellant of the conditions of his

probation, the appellate court need not address appellant's other grounds of error that concerned other probation violations used as grounds for revocation. *Sanchez v. State,* 603 S.W.2d 869, 871 (Tex.Cr.App. 1980). Nonetheless, we will review appellant's other contentions.

■ Appellant contends that the evidence is insufficient to support the revocation of probation because the record fails to show venue of the alleged offense of rape of a minor to be in Nueces County, Texas. In that regard, our Court of Criminal Appeals in *McCoy v. State,* 478 S.W.2d 480, 481 (Tex.Cr.App.1972), has said:

"Article 44.24 Vernon's Ann.C.C.P., provides this court shall presume the venue was proved in the court below. If a defendant wishes to raise the question of lack of proof of venue he should raise the issue during the trial of the cause. Absent an issue being raised in the trial court nothing is presented for review."

Appellant did not challenge venue in the trial court. Nothing is presented for review. This argument is also without merit.

■ Appellant further contends that the evidence is insufficient to support the revocation of probation because the record fails to show the date of the offense to be January 15, 1983, the date which is alleged in the motion to revoke probation. Appellant argues that the seven year old victim of the offense alleged that the offense occurred on so many different dates that her testimony was vague. The burden of proving the date alleged in the motion to revoke is comparable to proving the date in an indictment, and the Court of Criminal Appeals in *Ex Parte Hyett,* 610 S.W.2d 787, 789 (Tex.Cr. App.1981) has noted:

"It has been frequently said when an 'on or about' date is alleged as the date of the commission of the offense the time mentioned must be a date anterior to the presentation of the indictment and not so remote that prosecution is barred by the statute of limitation. Under such circumstances, the State is not bound by the date alleged, but conviction may be had upon proof that the offense was committed any time prior to the return of that indictment that is within the period of limitation. *Rogers v. State,* 169 Tex. Cr.R. 239, 333 S.W.2d 383 (1960). See Article 21.02(6), V.A.C.C.P."

The statute of limitations for the felony offense of rape of a child is three years. TEX.CODE CRIM.PROC.ANN. art. 12.01 § 4 (Vernon 1977).

The complainant testified that the offense occurred on different dates, and that she was not certain of the month when it occurred. The complainant did testify, however, that the sexual intercourse by appellant with her was within ten days prior to the date that the doctor examined her. The record reflects that she was examined by the doctor on April 6, 1983. Dr. Brosnan testified that his examination of the complainant showed a fresh, less than a week old, injury consistent with a rape injury. Although the testimony was conflicting, all of the dates which the complainant mentioned were within the three year statute of limitations period. Appellant's contention is without merit. This ground of error is overruled.

■ Appellant's second ground of error is that testimony by the doctor that the victim had told him of an alleged offense had been committed against her is an inadmissible hearsay declaration relating to an extraneous offense. In a similar situation the appellant there complained that the trial court committed error in a revocation proceeding by refusing to suppress a statement made by the appellant which was alleged to have been unlawfully obtained. The Court of Criminal Appeals in *Robert v. State,* 613 S.W.2d 291, 242 (Tex.Cr.App.1981) said that the evidence, without the statement, was sufficient and noted:

"In a revocation of probation proceeding the trial judge is the finder of facts, *Battle v. State,* 571 S.W.2d 20 (Tex.Cr. App.1978); *Davila v. State,* 547 S.W.2d 606 (Tex.Cr.App.1977) and it is presumed that he did not consider inadmissible evidence. *Maden v. State,* 542 S.W.2d 189 (Tex.Cr.App.1978); *Howery v. State,* 528 S.W.2d 230 (Tex.Cr.App.1975); *Reed v.*

*State,* 477 S.W.2d 904 (Tex.Cr.App.1972). Therefore, even if the statement were inadmissible but the evidence without considering the statement is sufficient the court's order may be sustained."

The evidence here is sufficient to sustain the finding by the trial court that appellant committed the offense alleged against him in the motion to revoke, without consideration of the statement to Dr. Bronson of which appellant now complains. This ground of error is overruled.

The judgment of the trial court is affirmed.