Charles Ira ROBERSON, Appellant,

v.

STATE of Texas, Appellee.

No. 11–84–192–CR.

Court of Appeals of Texas, Eastland.

Feb. 21, 1985.

John R. Cook, Thompson & Cook, Breckenridge, for appellant.

Jack G. Willingham, Criminal Dist. Atty., Anson, for appellee.

McCLOUD, Chief Justice.

On February 9, 1982, appellant pleaded guilty to the misdemeanor offense of driving while intoxicated, and the trial court entered an order deferring the adjudication of guilt and placing appellant on probation for one year. See TEX.CODE CRIM.PRO. ANN. art. 42.13, sec. 3d (Vernon Supp. 1985). On October 12, 1982, the State's motion to revoke probation and to adjudicate appellant's guilt was filed and a capias was issued. Appellant was arrested in Breckenridge, Texas, on March 13, 1984, 17 months after capias had been issued and 13 months after the end of his probationary period. On April 10, 1984, the trial court entered an order revoking probation, adjudicating appellant guilty and sentencing him to confinement for three days in jail and a $350 fine.

■ Appellant challenges the trial court's jurisdiction to revoke probation and adjudicate guilt. Appellant contends diligence was not exercised in his arrest. We agree.

■ The trial court has jurisdiction to revoke probation after the expiration of the probation period where the motion to revoke is filed and the capias is issued before the end of the probation period and "the court's order of arrest is followed by a diligent effort to apprehend and to hear and determine the claimed violation." *Guillot v. State*, 543 S.W.2d 650 (Tex.Cr. App.1976); *Stover v. State*, 365 S.W.2d 808 (Tex.Cr.App.1963); *Delgado v. State*, 634 S.W.2d 354 (Tex.App.—Waco 1982, no pet'n). The motion to revoke was filed and the capias was issued prior to the expiration of the probation period on February 9, 1983. However, the State has not shown diligence in the arrest of appellant.

Appellant was placed on probation by the 259th District Court located in Shackelford County. A condition of appellant's probation was that he remain within Stephens County. Shackelford and Stephens Counties are adjacent sparsely populated West Texas Counties. At all times pertinent to this case, appellant resided in Breckenridge, the county seat of Stephens County. The record reflects Breckenridge is 22 miles from the county seat of Shackelford County. The Shackelford County Probation Officer had appellant's home address, a work address and the addresses of two people who knew appellant's whereabouts at all times.

Appellant reported in person once a month to the Stephens County Adult Probation Office and by mail once a month to the Shackelford County Adult Probation Office. Appellant continued to report after the capias was issued. The Shackelford County Adult Probation Office did not inform the appellant by telephone or letter that a motion to revoke his probation had been filed and that a capias had been issued. The original capias was filed with the Shackelford County Probation Office the same day it was issued. The probation officer did not forward any of the address-

es on file to Shackelford County Sheriff Ben. J. Riley.

The only attempt to locate the appellant was the entry of the capias on "the computer." Sheriff Riley testified that if appellant had been stopped by a Department of Public Safety Officer and a "10/29" check was run, "the computer" or teletype would have shown that a warrant was outstanding on appellant.

Sheriff Riley testified that he had known the appellant since 1960 or 1962. He knew where appellant was working in Breckenridge during part of the time he was on probation. Sheriff Riley had been in Stephens County after the capias had issued. He did not discuss apprehending the appellant with anyone. He did not see appellant until appellant was arrested in Breckenridge on March 13, 1984.

Rocky Wesley, a police officer in Breckenridge, stated he had known appellant since junior high school and had seen him on a regular basis since October of 1982. Officer Wesley was an eyewitness to the incident on August 28, 1982, which was the basis of the motion to revoke probation. He testified that if he had known a capias had been issued, he would have picked up the appellant in "ten minutes."

 Appellant's first ground of error attacks the jurisdiction of the trial court. The thrust of the State's argument is that no appeal may be taken from an "adjudication of guilt" in a deferred adjudication case. See Article 42.13, Sec. 3d(b), supra; *Contreras v. State*, 645 S.W.2d 298 (Tex. Cr.App.1983); *Wright v. State*, 592 S.W.2d 604 (Tex.Cr.App.1980). Appellant's attack upon the "personal jurisdiction" of the trial court is not an appeal of the trial court's determination of an "adjudication of guilt." We do not construe Article 42.13, Sec. 3d(b) to preclude appellant from raising the issue that the court had no "jurisdiction." Appellant properly preserved his challenge to the trial court's personal jurisdiction in his motion to quash. See *Hardman v. State*, 614 S.W.2d 123 (Tex.Cr.App.1981).

The judgment of the trial court is reversed, and the motion to revoke probation and to adjudicate appellant's guilt is dismissed.