Luis RODRIGUEZ, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–89–359–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 15, 1990.

Juan Martinez Goanzales, Beeville, for appellant.

C.F. Moore, Dist. Atty., Beeville, for appellee.

Before BENAVIDES, UTTER and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

Luis Rodriguez, Jr. appeals a revocation of his probation. We affirm the judgment of the trial court.

Appellant pleaded guilty to the offense of felony theft of a shotgun and on March 28, 1983, was sentenced by the court to five years' imprisonment in the Texas Department of Corrections and fined $1,000. His sentence was probated for five years. Appellant violated the terms of his probation and the State filed a motion to revoke. After a hearing, the trial court revoked appellant's probation. By two points of error, appellant claims error in his original indictment and a lack of jurisdiction of the trial court to revoke his probation.

By his first point of error, appellant claims that the indictment in this cause is fundamentally defective, since it fails to allege that Randy W. Smith, the owner of the shotgun, had a greater right to possession of the shotgun. Appellant did not object to the indictment at the trial court level, and raises his objection for the first time on appeal.[1]

■ A defendant may not raise an objection to a defect in an indictment for the first time on appeal unless the defect is fundamental. *Gomez v. State*, 730 S.W.2d 144, 145 (Tex.App.—Corpus Christi 1987, pet. ref'd). We must therefore determine whether the indictment contains a fundamental defect.

The indictment alleges that appellant appropriated certain property "with intent to deprive the owner, Randy W. Smith, of said property." This indictment essentially tracks the felony theft statute. *See* Tex. Penal Code Ann. § 31.03 (Vernon 1989).

■ ·Generally, an indictment tracking the language of the penal statute in question is legally sufficient to provide the defendant with notice of the charged offense. *Marras v. State*, 741 S.W.2d 395, 401 (Tex. Crim.App.1987). An indictment for theft which tracks the statute is sufficient to charge the offense of theft; only if the indictment fails to allege the constituent elements of theft can the defect be raised for the first time on appeal. *Betancourt v. State*, 657 S.W.2d 451, 456 (Tex.App.—Corpus Christi 1983, pet. ref'd). The indictment need only allege the "owner" of the property in question, it need not allege the various definitions of "owner." *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App. 1981). In this case, the indictment essentially tracks the felony theft statute and, therefore, need not have alleged that the owner had a greater right to possession of property than appellant. *See Williams v. State*, 684 S.W.2d 709, 712 (Tex.App.— Amarillo 1983), *rev'd on other grounds*, 676 S.W.2d 399 (Tex.Crim.App.1984); Tex. Penal Code Ann. § 31.03 (Vernon 1989). Hence, the indictment in this case is not fundamentally defective. Accordingly, appellant's first point of error is overruled.

■ By his second point of error, appellant contends that the trial court was without jurisdiction to revoke his probation because his probationary period had expired. The record shows that appellant's probationary period ran from March 28, 1983, until March 28, 1988. On June 25, 1987, the State filed its motion to revoke probation based on appellant's violation of the conditions of his probation. On the same day, the trial judge signed an order for appellant's arrest for violation of his probation. The Bee County Sheriff did not execute the order and arrest appellant until June 23, 1989. A hearing was held on July 27, 1989, and appellant's probation was revoked the same day.

"It is observed that where the revocation motion is filed and the capias or arrest warrant issues prior to the expiration of the probationary period, the hearing con-

---

1. Appellant was indicted in 1983. Therefore, any possible waiver occasioned by the enact-

ment of Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon Supp.1990) is not an issue in this case.

ducted after the expiration of such but shortly after arrest is considered proper." *Guillot v. State*, 543 S.W.2d 650, 652–53 (Tex.Crim.App.1976) (citing eight Texas Court of Criminal Appeals opinions in direct support); *see also Coleman v. State*, 632 S.W.2d 616, 617–18 (Tex.Crim.App. 1982); *Johnston v. State*, 774 S.W.2d 818, 819 (Tex.App.—Dallas 1989, no pet.). Such was the fact situation in this case. We find that the trial court had jurisdiction to revoke appellant's probation.

Appellant claims that where the motion to revoke and the arrest warrant issue before expiration of the probationary period, the facts must show that the prosecution made a diligent effort to apprehend the alleged violator and to hear and determine the claimed violation if revocation of probation after the probationary period is to be upheld. He cites *Strickland v. State*, 523 S.W.2d 250, 251 (Tex.Crim.App.1975) in support of his position. He further argues that if the record is silent as to due diligence on behalf of the State, where revocation has occurred after the end of the probationary term, revocation will not be upheld. For this proposition he cites *Stover v. State*, 365 S.W.2d 808, 809 (Tex. Crim.App.1963) and *Pollard v. State*, 172 Tex.Crim. 39, 353 S.W.2d 449 (App.1962). He concludes that because the record is silent as to the State's due diligence in acting on the arrest order, and because it was two years between when the order was issued and he was arrested, the court has no jurisdiction to revoke his probation after his probationary period had ended.

Appellant's reliance on *Stover* and *Pollard* are misplaced. *Stover* was not decided on a due diligence ground but because the evidence was insufficient to sustain the ground upon which the revocation was ordered. The *Stover* Court did *not* address the alternative ground alleged by the appellant therein that the arrest must be made during the terms of probation. Indeed, such holding would have been in conflict with settled law. In order for a revocation

to be proper, the motion to revoke and the arrest warrant must issue within the probationary term. *See e.g. Ex parte Fennell*, 162 Tex.Crim. 286, 284 S.W.2d 727 (App. 1955); *Ex parte Fernandez*, 156 Tex.Crim. 246, 241 S.W.2d 155 (App.1951). In *Pollard*, unlike this case, no warrant was shown to have issued before the expiration of the probationary term.

■ We read *Strickland* not as establishing another jurisdictional element which must be proven by the State, but as acknowledging an affirmative defense available to a defendant in an action to revoke probation.[2] The trial court's jurisdiction was established in *Strickland* by the filing of the motion to revoke and by the issuance of warrants for appellant's arrest before the expiration of the probationary period. *Strickland*, 523 S.W.2d at 251. The defendant was arrested seven months after the expiration of his probationary period and twenty months after the issuance of the warrant for his arrest. *Id.* The defendant claimed that the lack of due diligence on the part of the State to apprehend him prevented the authorization of revocation, and he presented evidence which purported to substantiate his claim. *Id.* The trial court determined that the evidence presented by defendant did not prove a lack of due diligence on the part of the State. *Id.*

The use of affirmative defenses by a defendant is not uncommon in revocation hearings. *See Hill v. State*, 719 S.W.2d 199, 201–02 (Tex.Crim.App.1986); *Jones v. State*, 589 S.W.2d 419, 420–21 (Tex.Crim. App.1979); *Flores v. State*, 664 S.W.2d 426, 428 (Tex.App.—Corpus Christi 1983, no pet.); *see also De la Garza v. State*, 579 S.W.2d 220, 223 (Tex.App.—Corpus Christi 1979, no pet.). The affirmative defense of inability to pay probationary fees is one which is legislatively acknowledged. *See* Tex.Code Crim.Proc.Ann. art. 42.12, § 8 (Vernon Supp.1989); *see also Jones*, 589 S.W.2d at 420; *Flores*, 664 S.W.2d at 428. The failure of a clerk to furnish a defendant with a written statement of the period

2. In doing so, we specifically disagree with what we consider to be a misstatement of the law regarding due diligence as a jurisdictional requirement in *Roberson v. State*, 688 S.W.2d 657, 658 (Tex.App.—Eastland 1985, no pet.).

and terms of his probation is recognized as a possible affirmative defense in the event of revocation. *De la Garza*, 579 S.W.2d at 223.

An affirmative defense in a revocation hearing must be proven by a preponderance of the evidence. *Hill*, 719 S.W.2d at 201; *Jones*, 589 S.W.2d at 421. The standard of review in probation revocation cases involving affirmative defenses requires us to review the evidence on the affirmative defense in the light most favorable to the finding of the trial court and then determine, by examining all the evidence concerning the affirmative defense, if any rational trier of fact could have found that the defendant failed to prove his defense by a preponderance of the evidence. *Hill*, 719 S.W.2d at 201–02.

It is incumbent upon the probationer to raise and develop the issue of a lack of diligent effort to apprehend him. *Hardman v. State*, 614 S.W.2d 123, 126–27 (Tex. Crim.App.1981). In other words, the burden is on appellant to prove by a preponderance of the evidence a lack of due diligence.

All of the evidence regarding due diligence was elicited from the State's witnesses, three probation officers, on cross-examination. The testimony of the State's witnesses was that once a motion to revoke probation is filed, all contact with the probationer in question ceases. They further testified that once the order for appellant's arrest was taken to the Sheriff's office, with an accompanying cover sheet describing appellant and giving his last known address, it was the job of the Sheriff's office to arrest the defendant; the probation officers had nothing to do with the arrest and could not testify regarding due diligence on the part of the Sheriff's office. Testimony was that during the two years between when the order was signed for appellant's arrest and his arrest, appellant did not contact the probation officer. According to one of the State's witnesses, appellant was not arrested at his last known address in Beeville but was arrested at the Texas Department of Public Safety Office in Beeville. Hearsay testimony was that appellant advised that he had been in Beeville the entire time. Neither the arresting officer nor any other employee of the Sheriff's office testified. The appellant did not testify, and there was no testimony that appellant was indeed residing at his last known address. The record does not indicate whether the Sheriff's deputies did not attempt to find him or that he necessarily would have been earlier arrested but for a lack of diligence. There was no evidence that the State was aware of his actual whereabouts.

Although the trial judge did not make a specific finding regarding appellant's affirmative defense of due diligence, the revocation of appellant's probation implies that he found that appellant failed to establish his affirmative defense by a preponderance of the evidence. We hold that any rational trier of fact could have found that defendant failed to prove his defense by a preponderance of the evidence. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

UTTER, J., not participating.