CR0-199 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-199-CR





JAMES R. HUNTER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 55,732, HONORABLE BOB JONES, JUDGE 



 




 This is a probation revocation case. Appellant entered
a plea of guilty to the offense of forgery by passing on January
29, 1979. See Tex. Pen. Code Ann. § 32.21 (1989). On February 8,
1979, punishment was assessed at ten years' confinement, probated. 
A motion to revoke probation was filed March 21, 1980, and a
warrant for appellant's arrest issued on the same date. Appellant
was arrested more than ten years later, on July 25, 1990. The
trial court heard the 1980 motion to revoke on September 4, 1990. 
At the conclusion of the hearing, probation was revoked and
punishment was reduced to five years' confinement.

 In a single point of error, appellant contends the court
lacked jurisdiction to revoke his probation after the expiration of
the probationary period because the State did not exercise due
diligence in arresting the appellant after a warrant had been
issued. We will reverse the trial court's judgment and remand the
cause.

 A trial court may hold a hearing on a motion to revoke
probation, even after the probationer's term of probation has
expired, as long as the motion to revoke was filed and a capias or
arrest warrant issued before the expiration of the probationary
term. Rodriguez v. State, 804 S.W.2d 516, 517 (Tex. Cr. App.
1991); Guillot v. State, 543 S.W.2d 650, 652 (Tex. Cr. App. 1976). 
In addressing the matter of holding a hearing after the expiration
of the probationary term, the court in Stover v. State, 365 S.W.2d
808 (Tex. Cr. App. 1963), stated the rule, as follows:



The mere fact that a motion has been filed during the
probation term alleging a violation of the conditions of
probation will not authorize revocation after such term
has expired. Only the court's action authorizing the
arrest of the probationer, followed by diligent effort to
apprehend and hear and determine the claimed violation,
can authorize revocation after the probation term has
ended.



365 S.W.2d at 809.


 In Rodriguez, the defendant moved to dismiss the State's
motion to revoke based on a lack of diligence on the part of the
State in arresting him. The court held that once the defendant has
raised the issue, the State has the burden of showing due
diligence. 804 S.W.2d at 517. In the instant case, the appellant
made a motion to dismiss at the conclusion of the State's case in
chief, asserting that the State had not discharged its obligation
to exercise due diligence in presenting the appellant for a hearing
on the motion to revoke.

 In Langston v. State, 800 S.W.2d 553 (Tex. Cr. App.
1990), the motion to revoke was filed within the probationary
period; however, the defendant was not arrested until eight months
after the motion to revoke was filed, and seven and one-half months
after the expiration of his probationary term. The State was shown
to be aware of the defendant's address at all times. The court
found that the State had not explained the seven and one-half month
delay from the expiration of the probationary term until
appellant's arrest, and concluded that the State had not shown due
diligence in apprehending the defendant. 800 S.W.2d at 555.

 In Rodriguez, probation was not revoked until "about two
years after the motion to revoke was filed, and over a year after
his term of probation expired." While the probation department was
aware of the defendant's address, it was shown to be the policy of
the department to take no further action after the warrant of
arrest was delivered to the sheriff's department. Probation
officers testified that they had not been contacted by either the
sheriff's or district attorney's offices regarding defendant's
whereabouts. After finding that the State had failed to show a
diligent effort to apprehend defendant almost two years after the
issuance of the warrant for his arrest, the court concluded the
defendant's motion to dismiss should have been granted. 804 S.W.2d
at 518.

 In this case, records reflect that appellant visited the
probation department on April 4, 1979. The department's records
further reflect that thereafter, appellant failed to report as
directed, and an effort to contact appellant by telephone on
October 10, 1979, revealed that appellant's telephone had been
disconnected. In an effort to locate appellant in 1980, the
department contacted law enforcement agencies, city utilities and
the telephone directory, direct and "crosscross," to no avail.

 Probation officer Landrum, the supervisor of appellant's
case since October 1986, identified three letters in appellant's
file. A letter from the probation department, dated September 21,
1979, advised appellant that he had failed to comply with his
probationary terms relative to the payment of fees, costs and
reporting. The department sent another letter to appellant on
October 28, 1985. Both of these letters were sent to appellant's
last known Austin address and were returned with notations that
appellant had moved and left no forwarding address. The third
letter was sent to a Rita Ketchum in Austin on October 13, 1981. 
This letter contained a request from the director of the probation
department for "courtesy supervision" of appellant's case. The
letter recites that appellant "presently is living at 341 Kirman,
Reno, Nevada."

 Appellant's motion to dismiss shifted the burden to the
State to show diligence in apprehending appellant. While the
probation departments in Rodriguez and Langston were aware of the
defendant's places of residence at all times, such is not the case
in the matter before us. The probation department's 1981 letter
reflects the department's knowledge of appellant's street address
in Reno, Nevada.

 Appellant was arrested ten years after the motion to
revoke was filed, and seventeen months after the expiration of his
probationary term. A second motion to revoke was filed in 1986. 
However, the State elected to proceed on the 1980 motion at a
hearing to revoke on September 4, 1990.

 The standard for determining diligence in Rodriguez and
Stover appears to be directed to the effort to apprehend
probationer between the issuance of the arrest warrant and the time
of apprehension. In Langston, the court appears to focus on the
diligence shown between the termination of the probationary term
and probationer's arrest. In this case, the record fails to
disclose any effort to apprehend appellant during the seventeen
months between the expiration of appellant's probationary term and
his arrest. The last effort to contact appellant in the ten-year
period between issuance of the warrant and his arrest in 1990
appears to be the letter sent appellant in 1985 at his last known
Austin address. Before this letter, the department had written a
letter in 1981 stating that appellant was living in Nevada. Under
either standard, the State has not discharged its burden to
demonstrate a diligent effort to apprehend appellant. Appellant's
motion to dismiss should have been granted.

 The order revoking probation is reversed and the cause is
remanded to the trial court for action consistent with this
opinion.



 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices Jones and Davis*]

Reversed and Remanded

Filed: July 3, 1991

[Publish]


































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals,
sitting by assignment. See Tex. Gov't Code Ann. § 74.003
(1988).