NUMBERS 13-99-373-CR and 13-99-374-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


SYLVIA SAN MIGUEL
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 The Honorable Joaquin Villarreal, Judge of the 347th District Court
of Nueces County, found that appellant, Sylvia San Miguel, violated
conditions of her probation in cause numbers 89-CR-482-H and 89-CR-452-H, and revoked her probation.(1) Proceeding to sentencing, Judge
Villarreal reduced appellant's original sentence in each case from ten to
five years, with the sentences to run concurrently. 

 Appealing from her revocation hearing,(2) appellant contends (1)
that the trial court abused its discretion in finding she violated
conditions of her probation,(3) and (2) that she was denied due process
and due course of law because she did not have a neutral or detached
judge. We affirm.

 A trial court is vested with discretion to revoke an individual's
community supervision. See Herrera v. State, 951 S.W.2d 197, 199
(Tex. App.--Corpus Christi 1997, no pet.). Therefore, appellate review
of an order revoking probation is limited to whether the trial court
abused its discretion in revoking probation. See Guzman v. State, 923
S.W.2d 792, 725 (Tex. App.--Corpus Christi 1996, no pet.). Violation
of a single condition of probation is sufficient to support revocation. 
See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). The
State must prove the allegations in its motion to revoke community
supervision by a preponderance of the evidence. See Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993). A probation revocation will
be reversed on appeal only if appellant can disprove each allegation
proven by the State. See Sanchez v. State, 603 S.W.2d 869, 871 (Tex.
Crim. App. 1980).

 In a probation revocation hearing, the trial judge is the sole trier of
facts, the credibility of witnesses, and the weight to be given to the
testimony. See Battle v. State, 571 S.W.2d 20, 21 (Tex. Crim. App.
1978). Further, we review the evidence presented at the hearing in the
light most favorable to the trial court's decision. See Jones v. State,
589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

 By issue one in both appeals, appellant contends the trial court
abused its discretion in finding that appellant failed to report to the
probation officer as directed. At the revocation hearing, appellant
pleaded not true to the allegations contained in the State's motion to
revoke probation, including its allegation that appellant failed to report
to her supervisor for several months. Relevant to appellant's alleged
failure to report, the following evidence was presented.

 The State called Tom Lavers. He identified himself as a
community supervision officer. Lavers testified that appellant was one
of the individuals in his case load, and that she was required to report
monthly as a condition of her probation. Lavers had reviewed
appellant's file and determined appellant failed to report in person to the
office in May, July and November 1995; May and November 1996; and
June 1998. On cross-examination, Lavers testified that appellant's file
contained notations indicating appellant called the office during some
of the months she did not appear in person. There were, however, no
notations regarding phone calls in November 1995, May 1996 and June
1998, and no notations at all regarding being excused from reporting in
person. Lavers stated that appellant had reported regularly since
September 1998 when he took over her case, and had been
cooperative.

 Appellant testified she called her supervisor each time she could
not report in person, and, on those occasions, was excused from
reporting. On cross-examination, appellant agreed she knew she was
supposed to report in person to probation at least once each month. 
Appellant testified she was told that and stated that "sometimes [she]
didn't."

 Appellant contends the State failed to establish by a
preponderance of the evidence that appellant failed to report as
directed. We disagree. The record shows that appellant failed to report
in person to her supervisor on six occasions. Appellant acknowledged
that she knew she had to report in person every month and did not do
so. There was no evidence presented that appellant reported each
month as directed. The trial court, as the sole judge of weight and
credibility to be given this testimony, was free to accept or disregard
appellant's assertions. It is apparent from the record that the trial court
chose to accept the testimony of Lavers, which was supported by
appellant's own testimony. Viewed in a light most favorable to the trial
court's order, this evidence was sufficient to support the trial court's
finding that appellant failed to report as directed, a violation of the terms
of her community supervision. The State met its burden and appellant
failed to disprove this allegation. Thus, the trial court did not abuse his
discretion finding that appellant had violated a condition of her
probation by failing to report. Appellant's first issue is overruled.

 When there is evidence to support one or more findings by the trial
court of a violation of the conditions of probation, we need not address
the remaining grounds of error concerning other probation violations
used as grounds for revocation. See Flores v. State, 664 S.W.2d 426,
429 (Tex. App.--Corpus Christi 1983, no pet.). Accordingly, because
the first issue is dispositive of all similar grounds, we do not reach
appellant's issues involving other community supervision violations,
including appellant's second issue in appeal number 13-99-373-CR and
her second and third issues in appeal number 13-99-374-CR.

 By her remaining issue, appellant contends she was denied due
process and due course of law because she did not have a neutral or
detached judge. Appellant argues that the trial court failed to give
consideration to and weigh the evidence before revoking her probation
and ordering her confined to prison.

 A probationer is entitled to certain due process protections in a
revocation proceeding including, among others, a "neutral and
detached" hearing body. See Ruedas v. State, 586 S.W.2d 520, 523
(Tex. Crim. App. 1979). Appellant contends Judge Villarreal, by making
the following comments during the revocation hearing, showed he was
not a "neutral and detached" hearing body.

 1. If your daughter wanted revenge, she should have just
killed the guy, not [the other woman].


 2. I don't want to send the message out that you know
what, if your back hurts, you don't have to do
anything, you don't have to pay anything. She caused
thousands of dollars of damage. She should have
never been placed on probation, never. That's one of
the biggest mistakes that I made by placing her on
probation.


 3. To top it off, it cost the county a bunch of money, close
to $50,000 in damage.


 4. This is a very classic example of fatal attraction. The
man didn't want to live with you anymore so he is
going to have to die. I don't think you should ever have
been placed on probation to start with.


 The fundamental fairness doctrines of due process apply to
probation revocation proceedings. See Wright v. State, 640 S.W.2d
265, 269 (Tex. Crim. App. 1982); Wester v. State, 542 S.W.2d 403, 406
(Tex. Crim. App. 1976). However, as a prerequisite to presenting a
complaint for appellate review, the record must show: (1) that the
complaint was made known to the trial court in a timely fashion and
with sufficient specificity to make the trial court aware of the complaint,
and (2) that the trial court ruled or refused to rule on the complaint. See
Tex. R. App. P. 33.1(a); Wilson v. State, 7 S.W.3d 136, 144 (Tex. Crim.
App. 1999). The record clearly shows appellant failed to object to the
trial judge's comments.

 A defendant may waive any trial error, even virtually all
constitutional errors, by failing to object properly or to request
appropriate relief. See Little v. State, 758 S.W.2d 551, 563-64 (Tex.
Crim. App. 1988); see also Hawkins v. State, 964 S.W.2d 767, 770-71
(Tex. App.--Beaumont 1993, pet. ref'd) (due process complaints may be
waived by non-assertion). An appellant who fails to voice any due
process objection to the procedures used by the trial court in a
probation revocation waives his complaint. See Rogers v. State, 640
S.W.2d 248, 265 (Tex. Crim. App. [Panel Op.] 1982) (2nd op. on reh'g);
see also Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992);
Baxter v. State, 936 S.W.2d 479 (Tex. App.--Fort Worth 1996, pet.
dism'd, 960 S.W.2d 82 (Tex. Crim. App. 1998) (the contemporaneous
objection rule applies to alleged violations of due process in probation
revocation hearings).

 Because appellant did not object to the trial court's comments, we
hold her due process complaint has not been preserved for appellate
review. We overrule issue three in appeal number 13-99-373-CR and
issue four in appeal number 13-99-374-CR.

 The judgments of the trial court are affirmed.

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 31st day of August, 2000. 

1. Appellant entered into plea agreements in which she pleaded nolo
contendere to attempted voluntary manslaughter in cause no. 89-CR-482-H (appellate cause no. 13-99-373-CR), and aggravated assault in
cause no. 89-CR-452-H (appellate cause no. 13-99-374-CR). In both
cases, the trial court suspended the imposition of imprisonment and
placed the defendant on probation for a period of ten years, with certain
required conditions.

 

 Appellant is appealing the court's order revoking her probation in
each case. Because our consideration of appellant's issues in each
appeal will be dispositive of both appeals, we have consolidated the
appeals into this one opinion.
2. A defendant may appeal from a revocation of her probation
(community supervision). See Tex. Code Crim. Proc. Ann. art. 42.12, §
23(b) (Vernon Supp. 2000).
3. The trial court found appellant violated the conditions of her
probation by: (1) failing to report; (2) failing to pay restitution; and (3)
failing to pay probation fees or perform community service hours in lieu
of the fees.