In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-193 CR


____________________



RUBEN LOPEZ CORTEZ, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Court No. 98-142,851






O P I N I O N


 

 A jury convicted appellant Ruben Lopez Cortez of the misdemeanor offense of
driving while intoxicated. See Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp. 2002). 
On May 13, 1999, the trial court sentenced Cortez to 180 days in the county jail, assessed
a $100 fine, suspended the imposition of the jail time, and placed him on community
supervision for one year. On March 16, 2000, the State filed a Motion to Revoke
Community Supervision to which Cortez responded by filing a motion to dismiss. At the
conclusion of the hearing, the trial court granted the motion to revoke community
supervision, sentenced Cortez to ninety days in jail, and imposed a $100 fine.

 In his appeal to this court, Cortez contends the trial court erred in denying his
motion to dismiss the State's revocation motion because of the State's lack of due diligence
in apprehending him. The capias (or order of arrest) was issued on March 17, 2000, the
day after the motion to revoke was filed and was apparently entered into the TCIC system
six days later. Cortez was not arrested until August 1, 2000. His term of community
supervision expired May 13, 2000. 

 The Court of Criminal Appeals has held that the State is required to use due
diligence in executing the capias that results from the motion to revoke. See Brecheisen
v. State, 4 S.W.3d 761, 763 (Tex. Crim. App. 1999). A lack of due diligence is not an
affirmative defense; rather, it is a plea in bar or a defense that must be raised by a
defendant at the revocation hearing. Id. After the defendant raises the due-diligence issue,
the State bears the burden of persuasion to show by a preponderance of the evidence that
it exercised due diligence. Beaty v. State, 49 S.W.3d 606, 607 (Tex. App.--Beaumont
2001, pet. ref'd). At issue here is (1) whether the State met its burden of explaining any
delay in apprehending Cortez and of showing by a preponderance of the evidence that it
exercised due diligence in attempting to apprehend him, and (2) whether, in reviewing the
evidence submitted to it, the trial court abused its discretion in granting the motion to
revoke.

 The State's witness, Dawn Sumner of the Montgomery County Probation
Department, testified her file did not reflect any efforts to contact Cortez from the time the
capias was issued on March 17, 2000, until his arrest on August 1, 2000, some four and
a half months later. She also indicated that her file on Cortez did not indicate any changes
in his address after the opening of the file in May 1999. 

 The defense also presented evidence showing the State made no effort to contact
appellant. The testimony of Alberto Cortez, appellant's father, established that appellant
had been living at the same address with Alberto and Alberto's wife for approximately
twenty years; the order of arrest issued by the court clerk reflected that address. Mr.
Cortez, who is retired and stays home most of the time, testified that no one from the
Montgomery County Probation Office ever telephoned or came by the house looking for
appellant. On August 1, 2000, police arrested appellant after they checked his ID on an
unrelated matter and discovered the outstanding warrant. 

 The State maintains the placement of the order of arrest on the TCIC system
demonstrates due diligence. We note the Court of Criminal Appeals held to the contrary
in Harris v. State, 843 S.W.2d 34, 35-36 (Tex. Crim. App. 1992) (Placing the warrant for
appellant's arrest in the TCIC/NCIC computer and updating it periodically is not sufficient,
without more, to show due diligence.). The record contains no evidence of due diligence
and no explanation for the four and one-half month time lapse in arresting the defendant,
who lived at the same address for twenty years. 

 The State asks us to abandon the due diligence requirement altogether, and, if not,
to find four and one-half months insignificant. As the State acknowledges in its brief, an
intermediate appellate court cannot abandon a requirement imposed by the Court of
Criminal Appeals. We must follow the decisions of the Court of Criminal Appeals
imposing the due diligence requirement until such time as the Court of Criminal Appeals
reconsiders and removes the requirement. See Stover v. State, 365 S.W.2d 808 (Tex.
Crim. App. 1963); Rodriguez v. State, 804 S.W.2d 516, 517 (Tex. Crim. App. 1991);
Harris, 843 S.W.2d at 34; and Brecheisen, 4 S.W.3d at 763. (1) While we agree the
required extent of effort, explanation, or due diligence may be less the shorter the delay,
here no explanation was provided for the four and one-half month delay. The record
contains no evidence of any attempt by appellant to avoid arrest through direct or indirect
methods, and no attempt by the State to arrest him. 

 We also agree with the State's assertion that four and one-half months is hardly an
extended amount of time. We note, as the trial court did, that appellant was arrested less
than three months after his term of community supervision expired. We also understand
the possible significance of other, more pressing matters as an explanation for a short
delay; but the trial court's record here contains no evidence or argument to that effect. 

 This court has questioned aspects of the due diligence requirement in the past. See
Beaty, 49 S.W.3d at 609 fn.2. However, the Court of Criminal Appeals has held that "[so
long as the State's failure to exercise due diligence is a defense to revocation, the
erroneous failure to give effect to the defense cannot be said to be harmless." Brecheisen,
4 S.W.3d at 764 (footnote omitted). If the court-imposed "due diligence" requirement is
to be changed, it is for the Court of Criminal Appeals to do so. Under Brecheisen, the
denial of the motion to dismiss must be reversed. 

 Appellant's issue is sustained. We reverse the judgment of the trial court and
remand the cause to the trial court for action consistent with this opinion.

 REVERSED AND REMANDED.

 ________________________________

 DAVID B. GAULTNEY 
 Justice


Submitted on April 24, 2002

Opinion Delivered May 22, 2002 

Do not Publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.

CONCURRING OPINION


 I readily concur in the result. However, I did not question any aspects of the due
diligence requirement as the majority did in Beaty v. State, 49 S.W.3d 606, 609-10 (Tex.
App.--Beaumont 2001, pet. ref'd) (Burgess, J., dissenting), nor do I now. 





 DON BURGESS

 Justice


Concurrence Delivered

May 22, 2002

Do not Publish

1. We note the Texas Court of Criminal Appeals has granted petition for discretionary
review in Gutierrez v. State, 46 S.W.3d 394 (Tex. App.--Corpus Christi 2001, pet.
granted) and Peacock v. State, 27 S.W.3d 657 (Tex. App.--Waco 2000, pet. granted).