## Ex Parte Abel Fernandez.

No. 25380. June 27, 1951.

*Raeburn Norris,* and *Nago L. Alaniz,* Alice, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The writ applied for by relator, who is confined in the state penitentiary, was granted by the Honorable Harry M. Carroll, Judge of the 105th Judicial District of Texas, presiding in the District Court of Kleberg County, Texas, and made returnable to this court, as provided in Article 119, Vernon's Ann. C.C.P.

On January 17, 1949, in the District Court of Kleberg County, relator waived a jury and pleaded guilty before the Honorable Paul A. Martineau, judge of said court, to the offense of felony theft and his punishment was assessed at two years in the penitentiary. Time for filing the motion for a new trial being waived, Judge Martineau, on the same day, pronounced sentence and remanded relator to jail.

Thereafter, by order of said judge dated March 28, 1949, the actual commitment on the sentence was withdrawn and relator was placed on probation for a term of two years.

On March 27, 1951, Judge Martineau revoked the probation and ordered relator committed to serve the sentence imposed in Cause No. 1037 "on March 28, 1949."

The controlling question appears to be whether or not the term of probation had expired prior to such order of revocation.

The only sentence in Cause No. 1037 is that dated and pronounced on January 17, 1949. It was for a term of two years.

Article 781b, Vernon's Ann. C.C.P., known as the Adult Probation and Parole Law, provides for the granting of probation either before or after sentence.

After the sentence has been pronounced, Section 1 of Art. 781b, supra, provides that the court may suspend the execution of sentence and place the defendant on probation "for the maximum period of the sentence imposed."

Elsewhere in Art. 781b, supra, it is provided that the period of probation shall be determined by the court, but we find no provision authorizing its extension beyond the maximum term of the sentence.

It follows, therefore, that the term of probation granted relator expired with the sentence two years after January 17, 1949, and the court was without authority to thereafter revoke the probation.

Relator is therefore ordered discharged from further confinement under the sentence in Cause No. 1037 in the district court of Kleberg County.

Opinion approved by the court.