## 16711

**LOVELL v. STATE**

(74 S. E. (2d) 570)

*Mr. A. Frank Lever, Jr.,* of Lexington, *for Appellant,*

Messrs. *T. C. Callison, Attorney General,* and *Daniel R. McLeod, Assistant Attorney General,* of Columbia, *for Respondent,*

February 4, 1953.

Oxner, Justice.

This is an appeal from an order revoking a suspended sentence.

On April 11, 1945, appellant pleaded guilty in the Court of General Sessions for Richland County to a charge of aggravated assault and battery and carrying a concealed weapon and was sentenced to imprisonment for a term of two years. The execution of this sentence was suspended and he was placed on probation for a period of five years. In January, 1950, he was arrested in North Carolina for attempting to blow up a radio tower. He gave bond and returned to South Carolina. On March 4, 1950, a warrant was issued by the South Carolina Probation and Parole Board, charging appellant with a violation of the conditions of probation. He was arrested and placed in the Richland County jail where he remained until March 20, 1950, at which time he was removed to North Carolina to answer the charge

pending there. He pleaded guilty in North Carolina to a charge of conspiracy to damage real property and on March 20, 1950, was sentenced to serve 18 to 24 months. On April 11, 1950, while appellant was serving this sentence, an order was issued by the Richland County Court of General Sessions, on an *ex parte* application, revoking the suspended sentence imposed in that court.

On April 20, 1951, appellant, having then completed his sentence in North Carolina, was released and immediately arrested by the South Carolina officers and removed to the South Carolina penitentiary. On October 25, 1951, he filed a petition in the County Court of Richland County for a writ of *habeas corpus* in which he alleged that he was placed in the state penitentiary without a hearing and at a time when his probationary period had expired. The judge of that court on November 5, 1951, issued an order admitting him to bail in the sum of $500.00, conditioned on his appearance before the Court of General Sessions of Richland County to answer the charge that he had violated the terms of his probation. Thereafter a hearing was had in the Court of General Sessions, resulting in an order on April 21, 1952, revoking the suspended sentence and requiring appellant to serve the term of imprisonment of two years originally imposed, "less good behavior allowance as provided by statute, with defendant being given due credit for any portion of said sentence that has already been served in either the South Carolina penitentiary or on a county chaingang, said sentence to run from date of commitment after suspension has been revoked."

It seems to be conceded that in January, 1950, appellant violated the conditions of his probation by leaving the state without the permission of the Probation and Parole Board and by attempting to blow up a radio tower in Charlotte, North Carolina. It is his contention (1) that the order of revocation made on April 11, 1950, the last day of the probationary period, is invalid because issued on an *ex parte* application, without affording him an opportunity to be

heard on the charge that the terms of his probation had been violated, and (2) that the Court was without jurisdiction to issue the order of revocation made on April 21, 1952, because the probationary period had expired two year previously.

The procedure for revocation of probation is contained in Sections 55-595 and 55-596 of the 1952 Code, the pertinent portions of which are as follows:

"At any time during the period of probation or suspension of sentence the court may issue or cause the issuing of a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence. Any police officer or other officer with power of arrest, upon the request of the probation officer, may arrest a probationer. In case of an arrest the arresting officer shall have a written warrant from the probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation and such statement shall be warrant for the detention of such probationer in the county jail or other appropriate place of detention, until such probationer can be brought before the judge of the court. Such probation officer shall forthwith report such arrest and detention to the judge of the court and submit in writing a report showing in what manner the probationer has violated his probation."

"Upon such arrest the court shall cause the defendant to be brought before it and may revoke the probation or suspension of sentence and shall proceed to deal with the case as if there had been no probation or suspension of sentence except that the circuit judge before whom such defendant may be so brought shall have the right, in his discretion, to require the defendant to serve all or a portion only of the sentence imposed.   *   *   *"

In section 55-594 it is provided: "Upon the satisfactory fulfilment of the conditions of probation or suspension of sentence the court shall by order duly entered discharge the defendant."

We have held that a probationer is entitled to a hearing on the question of revocation. *State v. White,* 218 S. C. 130, 61 S. E. (2d) 754; *State v. Clough,* 220 S. C. 390, 68 S. E. (2d) 329. The Federal Courts have reached a similar conclusion. *Escoe v. Zerbst, Warden,* 295 U. S. 490, 55 S. Ct. 818, 79 L. Ed. 1566.

In the instant case, it was impossible to bring appellant before the court when the order of April 11, 1950, was issued, because he was then serving a sentence imposed by the courts of North Carolina. His enforced absence from the state was brought about by his own misconduct. It is conceded that he was represented by counsel and given a full hearing before the order of April 21, 1952, was issued. The Attorney General argues that this had the effect of remedying any defect in the order of April 11, 1950, and validated the last mentioned order *nunc pro tunc.* We find it unnecessary to pass upon this contention. The appeal will be considered as if the order of April 11, 1950, had not been issued and we shall determine whether under the circumstances presented the Court had jurisdiction to revoke appellant's probation on April 21, 1952, approximately two years after the expiration of the probationary period.

There is nothing in our statute expressly requiring that the order of revocation be made within the probationary period. It is only provided that during this period the warrant shall be issued, which is the pertinent jurisdictional fact. Of course, the execution of the warrant should not be unreasonably delayed. The Federal Courts, in construing a similar statute, have held that the court "is not deprived of the power to resentence the defendant if the warrant has issued within the maximum period prescribed by the statute even though the execution of the warrant and the appearance of the prisoner before the court is beyond that period." *United States ex rel. Tomasello v. Smith,* D. C., 50 F. Supp. 464, 466. It is not reasonable to suppose that the General Assembly intended in every case, regardless of the circumstances, that the warrant must be executed,

a hearing had and the order of revocation issued within the probationary period. Such a construction would enable one who has violated the terms of his probation to avoid the execution of his sentence by escaping from the custody of the probation officer and remaining in a foregin jurisdiction or in concealment until the period of probation has expired.

Here the appellant violated the terms of his probation in January, 1950. On March 4, 1950, approximately five weeks prior to the expiration of the probationary period, a warrant was duly issued by the Probation and Parole Board and appellant was placed in the Richland County jail. On March 20, 1950, he was surrendered to the North Carolina authorities and removed to that state for the purpose of answering a charge there pending against him. It may be true, as appellant argues, that during the period of sixteen days when he was in the Richland County jail, he could have been brought before the Court for a hearing on the question of the revocation of his suspended sentence. But any lack of diligence on the part of the officers during this brief interval did not have the effect of depriving the Court of the power to subsequently revoke the suspended sentence. Appellant is not in a position to complain of the fact that he was surrendered to the North Carolina authorities on March 20th, instead of being held in this State for the purpose of determining the question of whether his suspended sentence should be revoked. "When a person has violated the criminal statutes of two different sovereigns, it is for the interested sovereigns and not the criminal to settle which shall first inflict punishment." *United States ex rel. Demarois v. Farrell,* 8 Cir., 87 F. (2d) 957, 962.

During the period when appellant was in the custody of the North Carolina authorities, he was no longer under the supervision of the South Carolina Probation and Parole Board. His status then was analogous to that of an escaped convict or of one who had not been apprehended. *Anderson, Warden, v. Corall,* 263 U. S. 193, 44 S. Ct. 43, 68 L. Ed.

247; *Zerbst v. Kidwell,* 304 U. S. 359, 58 S. Ct. 872, 82 L. Ed. 1399, 116 A. L. R. 808.

Immediately after being released by the North Carolina authorities on April 20, 1951, appellant was brought back to South Carolina and placed in the penitentiary. Subsequently he filed a petition for a writ of *habeas corpus* in which, among other complaints, he asserted that he had not been "afforded the right of a hearing to determine his guilt or innocence in the charge." A hearing was given by the County Judge, who released appellant from the penitentiary upon his furnishing bond conditioned upon his appearance before a circuit judge to answer the charge that he had violated the conditions of his probation. He served notice of appeal from this order but it was never perfected. Thereafter a hearing was had before the circuit judge on the question of revoking the suspended sentence, at which no question was raised as to the court's jurisdiction. Evidently all appellant desired was a hearing on whether he had violated the terms of his probation and this was duly given him.

The order of revocation issued by the court on April 21, 1952, is affirmed.

BAKER, C. J., STUKES and TAYLOR, JJ., and JAMES B. PRUITT, A. A. J., concur.