80 So.2d 462 (1955)
STATE of Florida ex rel. Aubrey LEE, Appellant,
v.
Broward COKER, as Sheriff of Highlands County, Florida, Appellee.
Supreme Court of Florida. Division A.
May 18, 1955.
Otis Whitehurst, Sebring, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
TERRELL, Justice.
An information was filed in the Circuit Court of Highlands County charging petitioner with resisting an officer in the lawful discharge of his duty. To this information a plea of guilty was entered on December 2, 1952, upon which the court adjudged petitioner guilty and placed him on probation for a period of one year. December 1, 1953, the court extended the period of probation to June 30, 1954. June 21, 1954, an affidavit was filed before the circuit court alleging violation of the probation. A warrant was issued and served on petitioner who was taken in custody by the sheriff the same day. July 1, 1954, an order was entered revoking petitioner's parole. He was sentenced to serve two years in the state penitentiary at hard labor for the offense to which he had pleaded guilty.
July 16, 1954, petitioner filed his petition for habeas corpus in the circuit court alleging that he was held in jail under a void sentence because he was sentenced after the period of probation had expired and he was sentenced for a violation of his parole committed prior to the extension thereof dated December 1, 1953. July 19, 1954, writ of habeas corpus was issued returnable before the circuit court and a hearing was set for July 26, 1954. July 30, after hearing, the court ordered the writ discharged and remanded petitioner to the custody of the sheriff. This appeal is from the order of remand.
Three questions are urged for determination but in our view they are all encompassed in the question of whether or not, *463 when a sentence pursuant to an order of probation is deferred, the court has power to impose sentence for violation of the probation after the probation period has expired, even though the violation took place during said period.
The governing statute is Section 948.06, Florida Statutes, F.S.A., as follows:
"Whenever within the period of probation there is reasonable ground to believe that a probationer has violated his probation in a material respect, any parole or probation officer may arrest such probationer without warrant wherever found, and forthwith shall return him to the court granting such probation. Any committing magistrate may issue a warrant upon the facts being made known to him by affidavit of one having knowledge of such facts, for the arrest of the probationer, returnable forthwith before the court granting such probation. The court upon the probationer being brought before it may commit him, or release him with or without bail, to await further hearing, or it may dismiss the charge. If such charge is not at said time dismissed, the court, as soon as may be practicable, shall give probationer an opportunity to be fully heard on his behalf in person and by counsel. After such hearing the court may revoke, modify or continue the probation. If such probation is revoked the court may impose any sentence it might have originally imposed prior to placing the defendant on probation."
No question is raised as to filing the affidavit, issuing the warrant or habeas corpus or bringing petitioner before the court as the statute directs; neither is there any resistance to the hearing before the court. The contention is that when a charge of probation violation is lodged against one and warrant issued for his arrest prior to expiration of the term of probation as extended, the court has no jurisdiction to revoke the probation and sentence the probationer after the expiration of the term of probation as extended.
We do not think there is any merit to this contention. It is our view that when the affidavit is filed charging violation of the probation, the warrant is issued and the violator taken in custody within the period of probation, every ingredient of jurisdiction is preserved. It is not lost by delay in the hearing, revocation and sentence after the probation period has expired. The statute requires that the hearing be had "as soon as may be practicable". There is no showing that the hearing was unduly delayed.
It was in fact delayed only a few days, it was attacked collaterally and even though it could be said that jurisdiction was affected by delaying the hearing after the period of probation, petitioner wholly failed to carry the burden of showing it. There is nothing in the quoted statute requiring that the order of revocation be executed within the probation period. All that is required during said period is that the warrant be issued. This is the fact upon which jurisdiction is determined. The cases generally support this view. Lovell v. State, 223 S.C. 112, 74 S.E.2d 570; People v. Hodges, 231 Mich. 656, 204 N.W. 801; United States ex rel. Tomasello v. Smith, D.C., 50 F. Supp. 464; 49 C.J.S., Judgments, § 425a(1), pp. 831-835; 39 C.J.S., Habeas Corpus, § 80, pp. 626-627.
The latter citations from C.J.S. treat the proposition that as against a collateral attack it will be presumed that the court had jurisdiction of the subject matter and the parties and that all the facts necessary to give the court jurisdiction to render the judgment were found and proven, unless the fact of want of jurisdiction and consequent invalidity of the judgment affirmatively appears on the face of the judgment or the record or as made to appear in some other permissible way.
The judgment appealed from must be and is hereby affirmed.
Affirmed.
DREW, C.J., and SEBRING and ROBERTS, JJ., concur.