EX PARTE ROBERT LOUIS FENNELL

No. 27,763. November 2, 1955
Rehearing Denied December 14, 1955

*Baldwin & Goodwin,* by *Joe B. Goodwin,* Beaumont, for relator.

*Ramie H. Griffin,* Criminal District Attorney, *Natalie Hegdal,* Assistant Criminal District Attorney, Beaumont, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator sought discharge from the penitentiary by habeas corpus proceeding instituted before Owen M. Lord, judge of the criminal district court of Jefferson County, Texas.

Judge Lord granted the writ and, after hearing, certified the facts to this court as contemplated by Art. 119, V.A.C.C.P.

The record reveals the following:

On June 12, 1953, in Cause No. 19036, in said criminal district court, relator pleaded guilty to the offense of child desertion and was assessed a two-year term in the penitentiary. The judgment recites that the defendant was placed on probation "under terms of Art. 781b C.C.P."

The conditions of probation are not before us, nor are the

facts as to what acts or omissions of the defendant were relied. upon for revocation.

The record before us does show that relator violated the terms of his probation; that on September 10, 1954, a warrant for his arrest was issued, and on September 14, 1954, a motion to revoke said probation was filed alleging such violation.

Relator was arrested on said warrant on June 2, 1955, but hearing was not had until June 16, 1955, when the probation was ordered revoked. Relator was then sentenced to serve a term of two years in the penitentiary.

No appeal appears to have been attempted or perfected from this sentence.

The attack upon the conviction is that the court was without authority, after the expiration of two years from the date of the judgment, to revoke probation.

To prevail in such attack, relator is bound to show that the sentence pronounced on June 16, 1955, was void and subject to collateral attack for want of authority of the court to pronounce it.

Sec. 4 of Art. 781b, V.A.C.C.P., provides that a defendant granted probation shall be discharged "upon the satisfactory fulfillment of the conditions of probation, *and* the expiration of the period of probation."

In Sec. 5 of said article it is provided that the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested *at any time during the period of probation* and that he may be detained "until he can be taken before the court."

In Ex parte Fernandez, 156 Texas Cr. R. 246, 241 S.W. 2d 155, cited by relator, the violation occurred, the motion to revoke probation was filed, and order of arrest issued after the term of probation had expired.

In the case before us, the violation occurred and the warrant of arrest for violation of the terms of probation issued long prior to the expiration of the term assessed in the judgment.

The Supreme Court of South Carolina, construing a similar

statute, in Lovell v. State, 74 S.E. 2d 570, made the following observations, which appear to us to be sound.

"There is nothing in our statute expressly requiring that the order of revocation be made within the probationary period. It is only provided that during this period the warrant shall be issued, which *is the pertinent jurisdictional fact.* * * * It is not reasonable to suppose that the General Assembly intended in every case, regardless of the circumstances, that the warrant must be executed, a hearing had and the order of revocation issued within the probationary period. Such a construction would enable one who has violated the terms of his probation to avoid the execution of his sentence by escaping from the custody of the probation officer and remaining in a foreign jurisdiction or in concealment until the period of probation has expired."

The Supreme Court of Florida, in State v. Coker, 80 So. 2d 462, held in a similar case as follows:

"The contention is that when a charge of probation violation is lodged against one and warrant issued for his arrest prior to expiration of the term of probation as extended, the court has no jurisdiction to revoke the probation and sentence the probationer after the expiration of the term of probation as extended.

"We do not think there is any merit to this contention. It is our view that when the affidavit is filed charging violation of the probation, the warrant is issued and the violator taken in custody within the period of probation, every ingredient of jurisdiction is preserved. It is not lost by delay in the hearing, revocation and sentence after the probation period has expired. The statute requires that the hearing be had 'as soon as may be practicable.' There is no showing that the hearing was unduly delayed.

"It was in fact delayed only a few days, it was attacked collaterally and even though it could be said that jurisdiction was affected by delaying the hearing after the period of probation, petitioner wholly failed to carry the burden of showing it. There is nothing in the quoted statute requiring that the order of revocation be executed within the probation period. All that is required during said period is that the warrant be issued. This is the fact upon which jurisdiction is determined. The cases generally support this view. Lovell v. State, 223 S.C. 112, 74 S.E. 2d 570; People v. Hodges, 231 Mich. 656, 204 N.W. 801; United States ex rel. Tomasello v. Smith, D.C., 50 F. Supp. 464; 49 C.J.S., Judgments, Sec. 425a(1), pp. 831-835; 39 C.J.S., Habeas Corpus, Sec. 80, pp. 626-627."

The sentence under which relator is confined in the penitentiary is not shown to be void.

The application for release is denied.

DAVIDSON, Judge (dissenting).

Being unable to agree to the affirmance of this case, I respectfully enter my dissent.

The penalty assessed against relator was two years' confinement in the penitentiary, beginning June 12, 1953, and, of necessity, ending on June 12, 1955.

The order revoking probation was not entered until June 16, 1955, or four days after the expiration of the sentence.

The sentence having expired, there was no probation of that sentence to revoke. The probation, as well as the power to revoke probation, had ceased to exist.

The authorities cited by my brethren touching the right to revoke probation during the probationary period have no application therefor, and are not controlling where the sentence has expired.

If the probation was to be revoked, it should have been done while the sentence was in force and effect and not after its expiration.

## ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

In Ex parte Fernandez, supra, cited in our original opinion, the offense which formed the basis of the revocation occurred on March 1, 1951. The state filed a motion to revoke probation on March 8, 1951. This court held that, since the relator had been sentenced in the cause in which probation was granted on January 17, 1949, the sentence of two years had expired at the time of the commission of the offense which formed the basis of the prosecution and at the time of the filing of the motion for revocation.

A search of the records of this court reveals that in Ex parte Davis, 158 Texas Cr. R. 50, 253 S.W. 2d 664, there apparently

was no motion ever filed by the state to revoke the suspended sentence, but the court instructed the relator at the time of his subsequent conviction that his suspended sentence would have to be revoked. However, the court allowed the relator to finish his wheat crop and took no affirmative action in relation to the revocation until after the expiration of the period covered by the suspended sentence.

We think that our original opinion is consistent with these two former opinions.

Remaining convinced that we properly disposed of this cause originally, the motion for rehearing is overruled.