Harry Edward **SHAHAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 648–88.

Court of Criminal Appeals of Texas,
En Banc.

June 27, 1990.

Peter Fleury, Wichita Falls, for appellant.

Barry L. Macha, Dist. Atty., and John W. Brasher and Reginald R. Wilson, Asst. Dist. Attys., Wichita Falls, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged with a Class B misdemeanor theft by check. V.T.C.A. Penal Code §§ 31.04 and 31.06. Appearing in person after voluntarily waiving the benefit of counsel, appellant pleaded guilty. The trial court, having heard evidence that substantiated appellant's guilt and being of the opinion that the best interests of society and appellant would be served, then deferred further proceedings without entering an adjudication of guilt and placed appellant on probation for a period of 180 days. See TEX.CODE.CRIM.PROC., Article 42.12, § 3d(a)[1]. On June 19, 1987, two days after appellant's probationary period had expired, the trial court proceeded to an adjudication of guilt and sentenced appellant to 180 days in jail.

On appeal, the Fort Worth Court of Appeals, in a published opinion, affirmed the trial court's ruling and held that the trial court had jurisdiction to enter an adjudication of guilt after the period of deferred adjudication had expired. *Shahan v. State,* 750 S.W.2d 381 (Tex.App.—Fort Worth 1988). We granted appellant's petition for discretionary review to examine his contention that this ruling was in error. We will affirm.

The record in this case shows that after appellant was put on six-months' deferred adjudication probation on December 17, 1986, the State filed a motion to revoke probation in the cause on March 6, 1987, alleging that appellant had violated the terms of his probation. See Art. 42.12, § 3d(b), *supra.* On the same day, a capias

---

1. Article 42.12 has since been amended and renumbered so that, for purposes of this particular case, Art. 42.12, § 3d is now § 5; § 7 is now § 23; and § 8 is now § 24.

for appellant's arrest was also issued. On June 19, 1987, two days after appellant's period of probation had expired, a hearing on the motion to revoke probation was held, at which time the trial court entered an order adjudicating appellant guilty of the original offense and imposed the six-month jail sentence.

On appeal, appellant asserted in a sole point of error that the trial court did not have jurisdiction to proceed to an adjudication of guilt because the probationary period had expired at that time. The court of appeals overruled appellant's contention, however, stating that "the issuance of a capias combined with the filing of the motion to revoke probation, both occurring prior to the expiration of the probation period, acted to extend the jurisdiction of the trial court" beyond the expiration of the probationary period, citing this Court's opinion in *Coleman v. State*, 632 S.W.2d 616, 618 (Tex.Cr.App.1982). *Shahan*, 750 S.W.2d at 382.

In his petition for discretionary review, appellant maintains that the court of appeals erred in holding that Art. 42.12, § 3d(c), *supra*, does not prohibit a trial court from entering an adjudication of guilt after a probationary period has expired. Article 42.12, § 3d(c) states in pertinent part:

(c) On expiration of a probationary period imposed under Subsection (a) of this section, if the court has not proceeded to an adjudication of guilt, the court shall dismiss the proceedings against the defendant and discharge him.

In support of this single ground for review, appellant essentially argues that the holding in *Coleman*, 632 S.W.2d 616, does not apply to this case because the case upon which *Coleman* relies, *Ex parte Fennell*, 284 S.W.2d 727 (Tex.Crim.App.1955), reh'g. denied, involved jurisdiction to revoke "regular" probation imposed pursuant to Art. 42.12, § 7, *supra* [2], and the factors involved in *Fennell* are not met when "diver-

sionary" probation under Art. 42.12, § 3d(a), *supra*, is at issue.

■ Without elaborating on appellant's specific arguments, we overrule his ground for review in light of our recent decision in *Prior v. State* (Tex.Crim.App. No. 0907–89, delivered June 6, 1990). In *Prior*, we noted that the provisions for both "regular" probation and deferred adjudication probation refer to Art. 42.12, § 8, *supra*, for the procedures to follow upon an allegation that the probationer has violated the terms of probation. Article 42.12, § 8, *supra*, provides in part:

(a) At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. Any probation officer, police officer or other officer with power of arrest may arrest such defendant without a warrant upon the order of the judge of such court to be noted on the docket of the court. A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court. Such officer shall forthwith report such arrest and detention to such court. If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, modify, or revoke probation. . . .

Art. 42.12, § 8, *supra*. Tracing the history of cases interpreting the predecessor provisions to Art. 42.12, § 8, *supra*, beginning with *Fennell*, 284 S.W.2d 727, we recognized that

this Court has consistently . . . held that where a probationer has allegedly violated the terms of probation imposed under Art. 42.12, § 7 [regular probation] and a motion to revoke containing . . . allega-

**2.** Article 42.12, § 7, *supra*, provides that for a non-deferred adjudication or "regular" probationer, "[u]pon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly

entered, shall amend or modify the original sentence imposed, if necessary, to conform the probation period and shall discharge the [probationer]."

tions [that the probationer has violated his probationary terms] is filed, the provisions of Art. 42.12, § 8 apply, and jurisdiction to revoke the probation is preserved when the motion is filed and the capias is issued prior to the expiration of the probationary period, followed by due diligence to apprehend the probationer and to hear and determine the contentions in the motion.

*Prior,* slip op. at 8. We then concluded that to apply the provisions of Art. 42.12, § 8, *supra,* differently with regard to deferred adjudication probation under Art. 42.12, § 3d, *supra,* would render the jurisdictional implications of § 8 ineffective as to § 3d, even though the Legislature has specifically provided that § 8 applies to § 3d under the same circumstances as § 7, i.e., upon a violation of the probation conditions. *Prior,* slip op. at 9. We therefore specifically held:

> [A] trial court has jurisdiction to revoke deferred adjudication probation imposed pursuant to Art. 42.12, § 3d, *supra,* after the probationary term has expired, as long as both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion.

*Id.*

■ In the present case, the State's motion to revoke probation was filed and the ensuing capias was issued on March 6, 1987, both prior to the expiration of appellant's probationary period on June 17, 1987. Therefore, as long as the State exercised due diligence in apprehending appellant and in hearing and determining the alleged violations in the motion, jurisdiction to enter an adjudication of guilt after the expiration of his term was preserved. *Id.* Since appellant does not now contend, nor has he ever contended, that the State did not exercise due diligence in so apprehending him and in hearing the allegations in the motion to revoke, such a complaint is waived. *Hardman v. State,* 614 S.W.2d 123 (Tex.Cr. App.1981); *Prior,* slip op. at 10. Conse-

quently, the trial court in this case had jurisdiction to proceed to an adjudication of guilt, and the judgment of the court of appeals is accordingly affirmed.

TEAGUE, J., dissents.