Luis **RODRIGUEZ, Jr.,** Appellant,

v.

**STATE of Texas,** Appellee.

No. 279–90.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 27, 1991.

Juan Martinez Gonzales, Beeville, for appellant.

C.F. Moore, Dist. Atty., Beeville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant pleaded guilty before the trial court to theft on March 28, 1983. On that same date, after assessing a five year sentence, the trial court granted him probation. On June 27, 1989, the trial court revoked appellant's probation. The Court of Appeals affirmed the trial court's judgment. *Rodriguez v. State*, 784 S.W.2d 582 (Tex.App.—Corpus Christi 1990).

Appellant complained on appeal that the trial court had no jurisdiction to revoke his probation after the term had expired because the State did not exercise due diligence in arresting him after the trial court

issued the warrant. The Court of Appeals rejected this contention, holding that as long as the revocation motion and capias or arrest warrant issues before the expiration of the probationary term, a hearing conducted after the arrest is proper. The Court of Appeals also held that appellant had failed to show a lack of due diligence on the part of the State in arresting appellant. This Court granted appellant's petition for discretionary review to determine whether the Court of Appeals' holding was proper. See Tex.R.App.Pro. 200(c)(1) and (3).

The record reflects that appellant was assessed a five year term of probation on March 28, 1983. Although the motion to revoke was filed on June 25, 1987, which was well within the probationary period, appellant was not arrested until June 3, 1989. His probation was not revoked until June 27, 1989, about two years after the motion to revoke was filed, and over a year after his term of probation had expired. The Court of Appeals held that lack of due diligence is an affirmative defense, citing *Hardman v. State*, 614 S.W.2d 123 (Tex.Cr. App.1981). Therefore, the burden was on appellant to show by a preponderance of evidence that the State failed to exercise diligence in arresting appellant two years after the capias had issued and a year after the expiration of his probationary term. Because the record was silent as to diligence on the part of the State, the court below held appellant failed to prove this defense. We disagree.

■ The Court of Appeals was correct in holding that the trial court was entitled to hold a hearing on the motion to revoke even though it was held after appellant's term of probation had expired. *Guillot v. State*, 543 S.W.2d 650 (Tex.Cr.App.1976). As long as the revocation motion was filed and the capias or arrest warrant issued before the expiration of the appellant's probationary term, the hearing conducted shortly after his arrest was proper. *Prior v. State*, 795 S.W.2d 179 (Tex.Cr.App.1990);

*Shahan v. State*, 792 S.W.2d 101 (Tex.Cr. App.1990); *Coleman v. State*, 632 S.W.2d 616 (Tex.Cr.App.1982). Therefore, we do not dispute the Court of Appeals' finding that the trial court had general jurisdiction over the State's motion to revoke probation. However, the court below erred in its analysis of the due diligence question.

■ In *Prior*,[1] we reaffirmed our rules relating to revocation after the probationary term has expired. We held:

[A] trial court has jurisdiction to revoke ... probation imposed pursuant to Art. 42.12, § 3d [V.A.C.C.P.], after the probationary term has expired, as long as both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion. In doing so, we expressly uphold our decision in *Coleman*, 632 S.W.2d 616...."

*Prior*, supra, at 184.

We have recently addressed a contention similar to the one raised in appellant's petition. In *Langston v. State*, 800 S.W.2d 553 (Tex.Cr.App.1990), the State's motion to revoke was properly filed within the defendant's probationary period. However, the defendant was arrested eight months after the motion to revoke was filed, and seven and one-half months after the expiration of his probationary period. At the revocation hearing, there was no showing of any diligence on the part of the State and, in fact, the record revealed that the State at all times knew the defendant's address, and knew he was still residing there. The defendant filed a motion to dismiss the State's motion to revoke his probation, and by so doing, contested the diligence of the State in arresting him. This Court held that once the defendant had raised the issue, the State had the burden of showing due diligence. *Id.*, 800 S.W.2d at 555, cit-

---

**1.** Although our decision in *Prior* concerned deferred adjudication probation, we specifically held that the provisions concerning revocation for both deferred adjudication and "regular" probation refer to Art. 42.12, § 8, V.A.C.C.P., for procedures to follow upon an allegation that a probationer has violated the terms of probation. 795 S.W.2d at 182; *Shahan* supra at 102.

ing *Prior*, supra, at 185, and *Stover v. State*, 365 S.W.2d 808, 809 (Tex.Cr.App. 1963). Because the seven and one-half month delay in arresting the defendant was not explained, there was nothing to show diligence on behalf of the State. Therefore, the defendant's motion to dismiss should have been granted.

In the instant case, appellant filed a motion to dismiss complaining of lack of due diligence. He also argued lack of diligence throughout the hearing, and at its conclusion again unsuccessfully requested the motion to revoke be dismissed. Once the issue was raised the burden shifted to the State to show it exercised due diligence. *Langston*, supra, 800 S.W.2d at 555. At the hearing on the State's motion, the only witnesses were Mario Bazan, Thomas Durham, and Tony Davis, three probation officers who had dealt with appellant's case over the years. Durham, who was in charge of appellant's case when the motion to revoke was initially filed, stated that it was the policy of the probation office to cease any further contact with the probationer after a warrant has been issued. He said that no one from his office attempted to contact appellant, even though they knew his address and place of employment. Durham could not recall whether anyone from the sheriff's or district attorney's offices had tried to contact him to obtain information. Davis, who replaced Durham and was the probation officer when appellant was arrested, said appellant was apprehended at the Department of Public Safety office and that appellant "advised [Davis] he'd been in Beeville the whole time." Davis also stated that no one from either the sheriff's or the district attorney's offices had contacted him regarding appellant's whereabouts.

The Court of Appeals found that the testimony from these three witnesses showed nothing regarding either due diligence or lack thereof, and that the revocation of appellant's probation by the trial court implied that appellant failed to establish his "affirmative defense" by a preponderance of the evidence. We disagree. Appellant properly raised the question of diligence by his motion to dismiss, and further developed the issue by questioning the witnesses as to steps taken by the State in executing the arrest warrant in his effort to show a lack of diligence. However, the State offered nothing to show it had made a diligent effort to apprehend appellant after the motion to revoke was filed.

The State argues that because appellant ceased reporting when he found out a motion to revoke had been filed and because the sheriff's office was provided with copies of the motion to revoke and identification information, due diligence is "evident." The State complains that nothing is pertinent except the filing of the warrant within the probationary period, and that any other construction would allow a probationer to "avoid the execution of his sentence by escaping from the custody of the probation officer" and would "defeat the purpose of the probation law." However, unlike cases cited by the State and the Court of Appeals, there is no indication appellant had escaped from custody and was hiding. See *Prior*, 795 S.W.2d at 185. The two year delay from the date of issuance of the motion to revoke and arrest warrant is unexplained.

For the notion that lack of due diligence is an affirmative defense, the Court of Appeals relied on *Hardman* wherein this Court cited with approval the following language:

"Although we do not condone arbitrary delays in revocation proceedings, we do reiterate that to preserve such contention it is incumbent upon the probationer to raise and develop the issue at such hearing to secure appellate review."

*Hardman*, supra, 614 S.W.2d at 127, quoting *Cotton v. State*, 523 S.W.2d 673, 675 (Tex.Cr.App.1975). The Court of Appeals was unwarranted in extending this statement because *Hardman* concerned preservation of error, and did not create an affirmative defense. In that case the defendant had not raised this contention at the revocation hearing. This Court has never held that lack of due diligence is an affirmative defense which a defendant must

prove by a preponderance of the evidence.[2] This matter is simply one of burden shifting which requires the State to come forward with evidence of diligence once the defendant has raised and developed the issue at the revocation hearing.

In the instant case, and contrary to the situation in *Hardman,* appellant properly raised and developed the issue of lack of due diligence at the revocation hearing. The burden then shifted to the State, which failed to show it had made a diligent effort to apprehend appellant almost two years after the warrant had been issued for his arrest. Appellant's motion to dismiss should have been granted. See *Langston,* supra, 800 S.W.2d at 555.

The judgment of the Court of Appeals is therefore reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion.

BAIRD, J., concurs in the result.

OVERSTREET, J., not participating.

TEAGUE, Judge, dissenting.

My research reveals that this Court's early revocation of probation decisions, and notwithstanding the lack of statutory authority, or the legal fact that "due process of law" did not then exist in our State law *as a matter of State law,* the holdings in the early cases involving a revocation of probation hearing held after the term of probation had expired were not all that clear. I am afraid that today's majority opinion does not shed much additional light on the subject; in fact, sad to say, it builds on a foundation that rests on quicksand.

My research reveals that this Court has often treated the trial court's authority to revoke a defendant's probation, after the term of probation has expired, on an equal plane with the usual definition for the term "jurisdiction," and has held that if the defendant somehow manages to "escape" having a motion to revoke filed against him

during the term of his probation, and the term expires, the trial court no longer has jurisdiction over the defendant or his probation. For obvious reasons, also see *post,* early on, conditioned that the State had taken certain steps during the term of probation, this Court approved the trial court holding a hearing on the State's motion to revoke after the term of probation had expired, and actually ordering the defendant's probation revoked.

I also find that much confusion exists because, as a matter of statutory law, if it was reported to the trial judge who granted the defendant probation, that the defendant had violated his probation, it was then, and is now, permissible, for the trial court to issue a warrant for the defendant's arrest. See now Art. 42.12, § 10(c), V.A.C.C.P. There was not then, nor do I find today, a statutory requirement that a formal motion to revoke must be filed by the State.

In *Ex parte Fennell,* 162 Tex.Crim. 286, 284 S.W.2d 727 (Tex.Cr.App.1955), a majority of this Court approved holdings by the Supreme Courts of South Carolina and Florida construing a similar statute, see *Lovell v. State,* 223 S.C. 112, 74 S.E.2d 570, 572, and *State ex rel. Lee v. Coker,* 80 So.2d 462, 463. Those courts held that regardless of the circumstances it would have been unconscionable to require a trial court in all cases not only to issue a warrant of arrest within the probationary term, but to also see that the warrant was executed within the probationary period of time, and further that a hearing had to be held and the order of revocation was entered within the probationary period.

In the dissenting opinion that I filed in *Hardman v. State,* 614 S.W.2d 123 (Tex.Cr. App.1981), I attempted to set forth when the State could seek revocation of the defendant's probation *after the term of probation had expired.* That can occur, I

---

2. The Court of Appeals notes that affirmative defenses are often used in probation revocation proceedings. For example, in *Hill v. State,* 719 S.W.2d 199 (Tex.Cr.App.1986), this Court held that inability to pay probation fees was an affirmative defense. However, in *Hill,* we relied

on Article 42.12, § 8(c), V.A.C.C.P., which specifically provides that "the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence."

believe, when the State has satisfied all of the following:

(1) The State's motion to revoke the defendant's probation is filed within the term of probation;

(2) A warrant of arrest or a capias issues by the trial court within the probationary term;

(3) The State diligently attempts to prosecute the motion to revoke, including the apprehension of the defendant;

(4) The alleged violation of probation occurred prior to the expiration of the probationary period; *and*

(5) The trial court holds a revocation hearing without undue or unreasonable delay. *Hardman,* supra, at page 129. None of the above concern questions of sufficiency of the evidence, i.e., the issue is not whether the evidence is sufficient to support a finding in favor of the State; the issue is whether the State has established that the trial court had jurisdiction over the probation and the defendant. Also see *Stover v. State,* 365 S.W.2d 808 (Tex.Cr.App. 1963).

A failure by the State to establish *all* of the above elements should cause the trial court to enter judgment in favor of the defendant. This is because failure of the State to establish *all* of the above elements causes a lack of jurisdiction on the part of the trial court to exist, if the State attempts to revoke the probation *after* the term of probation has expired.

I am compelled to part company with the majority opinion's holding that "This matter is simply one of burden shifting which requires the State to come forward with evidence of diligence once the defendant has raised and developed the issue at the revocation hearing." (Page 519 of slip opinion.) I totally disagree with this conclusion because there is only one burden and there is only one party that has the responsibility to satisfy that burden, and that is the State. The defendant has no burden to satisfy and is free to remain mute at all times while the State attempts to establish jurisdiction over the probation and the defendant.

The burden to show due diligence, however, once the probationary term has expired, and the State seeks to invoke the trial court's jurisdiction, is always on the State. Under those circumstances, the defendant has no burden to carry; that burden remains with the State from the beginning to the end—to establish the fact that the trial court had jurisdiction over the probation and the defendant.

There is simply no shifting of any burden of proof regarding due diligence in a revocation of probation case; that burden commences with the State and ends with the State.

Unfortunately, this Court erred in *Prior v. State,* 795 S.W.2d 179 (Tex.Cr.App.1990), by holding that "once the defendant had raised the issue [of due diligence], [only then did] the State have the burden of showing due diligence." (Page 517, slip opinion.) In short, if the term of probation has expired, and if the State does not satisfy its burden regarding "due diligence," then it has failed to invest jurisdiction in the trial court, and judgment must be rendered on behalf of the defendant. In that instance, the defendant, if he chooses, need do nothing; much like a defendant accused of committing a criminal wrong who chooses to simply sit and watch the State put on its case, hoping of course that the State will somehow fail in its proof.

The majority opinion correctly holds that "due diligence" is not an affirmative defense. Of course, jurisdiction is never an affirmative defense, and I am unfamiliar with any court decisions, nor does the majority opinion cite any, where the opposing party must object to a trial court's lack of jurisdiction. It is so elementary that citation is unnecessary for the legal principle that a judgment rendered by a trial court without jurisdiction is a nullity and may be attacked at any time.

In *Prior,* supra, "the State offered nothing to show it had made a diligent effort to apprehend appellant after the motion to revoke was filed." (Page 518 of slip opinion in this cause.) This is actually saying

the same thing as "The State, by failing to establish due diligence, failed to invoke the jurisdiction of the trial court." If it does not mean the same thing, then that part of *Prior* should be expressly overruled.

*Prior,* supra, "begat" *Langston v. State,* 800 S.W.2d 553 (Tex.Cr.App.1990). The same flaws that exist within *Prior,* supra, also exist within *Langston,* supra. It, too, should be quickly and expressly overruled.

For the above and foregoing reasons, I respectfully dissent.

This opinion was prepared by Judge TEAGUE prior to his untimely death.