Ponto v. Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-112-CR

DAVID TRUMAN PONTO, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

In a single point, Appellant David Truman Ponto, Jr. claims that after the conclusion of the period of his deferred adjudication community supervision the trial court lost jurisdiction to adjudicate his guilt because the capias issued by the trial court was not sworn or supported by an oath or affirmation.  
See
 
Tex. Code Crim. Proc. Ann.
 art.  42.12, § 5(h) (Vernon Supp. 2006).  Because we hold that the capias issued by the trial court was supported by sworn facts demonstrating probable cause, we will overrule Ponto’s issue and affirm the trial court’s judgment.

II. Background

In October 2004, the trial court placed Appellant David Truman Ponto, Jr. on community supervision for a twelve-month period for a theft by check charge.  
On August 8, 2005—before the October 2005 expiration of Ponto’s deferred adjudication period—the State filed a motion to proceed to adjudication of guilt based on multiple alleged violations of Ponto’s community supervision terms.  The day after the State filed its motion, the trial court issued a capias for Ponto’s arrest.  Officers arrested Ponto later that same month.  

In September, the State filed an amended motion to proceed to adjudication of guilt alleging additional community supervision violations.  The trial court conducted a hearing on the State’s motion on March 3, 2006 and, after adjudicating Ponto’s guilt, sentenced him to 180 days’ confinement.  The trial court certified Ponto’s right to appeal, and Ponto perfected this appeal.

III. Jurisdiction of Trial Court

A trial court has jurisdiction to revoke community supervision 
after
 the term of community supervision has expired if, before the expiration of the community supervision period:  (1) the State filed a motion to revoke and (2) a capias or arrest warrant was issued.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 21(e) (Vernon Supp. 2006); 
see also
 
Brecheisen v. State
, 4 S.W.3d 761, 763 (Tex. Crim. App. 1999); 
Shahan v. State
, 750 S.W.2d 381, 382 & n.1 (Tex. App.—Fort Worth 1988), 
aff’d
, 792 S.W.2d 101 (Tex. Crim. App. 1990).

Here, it is uncontested that the State filed a motion and an amended motion to proceed with an adjudication of Ponto’s guilt on August 8, 2005 and September 26, 2005, respectively.  Both motions were filed before the expiration in October 2005 of Ponto’s deferred adjudication community supervision term; therefore, the State filed its motions to adjudicate in a timely manner. 
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(h).

Likewise, it is uncontested that the capias issued on August 9, 2005 for Ponto’s arrest, was issued before the expiration in October 2005 of Ponto’s deferred adjudication community supervision term.  And, in fact, Ponto was arrested and posted a bond for release prior to the expiration of his community supervision period.  

Despite these undisputed facts, Ponto contends that the trial court lacked jurisdiction under article 42.12, section 5(h) to adjudicate his guilt after the expiration of his community supervision period.  Ponto argues that the capias issued by the court was invalid because he claims that it was not sworn or supported by an oath or affirmation.  According to Ponto, this allegedly invalid capias did not operate to extend the trial court’s jurisdiction under article 42.12, section 5(h).  
See
 
id
.  

A review of the capias in the record, however, shows that it commands  the arrest of Ponto “to answer THE STATE OF TEXAS, upon the
 sworn Complaint 
and Information presented to said Court which accuses the Defendant of having committed a misdemeanor offense against the law of this state, to wit: MOTION TO ADJUDICATE GUILT, THEFT>= $20<$500 BY CHECK.” [Emphasis added.] The capias further provides, “[u]pon the determination by the undersigned authority, acting as a magistrate, that probable cause for the arrest of the Defendant appears thereupon.”  And the capias is signed by Jim Crouch, Judge, County Criminal Court number 1, Denton County.  The Complaint, also in the record, is indeed sworn.  Thus, it appears that the capias was issued based upon sworn facts set forth in the sworn Complaint and based on facts recited in the motion to adjudicate, all reviewed by Judge Crouch in his capacity as a magistrate and found to constitute probable cause “for the arrest of the Defendant.”  
See
 
Tex. Code Crim. Proc. Ann.
 art. 2.09 (Vernon Supp. 2006) (including “the judges of the county criminal courts” within the definition of magistrates for purposes of the code of criminal procedure).  This capias meets the requirements for a misdemeanor capias.  
See
 
Sharp v. Texas
,
 
677 S.W.2d 513, 518 (Tex. Crim. App. 1984).  

And, in any event, the deferred adjudication statute does not appear to require that a capias—issued for the purpose of arresting a defendant alleged to have violated the terms of his community supervision—be based on sworn facts or an oath or affirmation. 
See
 
Tex. Code Crim. Proc. Ann.
 art. 
42.12,    § 5(b).  The statute provides that “[o]n violation of a condition of community supervision imposed under Subsection (a) of his section, the defendant may be arrested and detained as provided in Section 21 of this article.”  
Id.
  Section 21(b) provides,

At any time during the period of community supervision 
the judge may issue a warrant for violation of any of the conditions of the community supervision and cause the defendant to be arrested. 
 Any supervision officer, police officer or other officer with power of arrest may arrest such defendant
 with or without a warrant upon the order 
of the judge to be noted on the docket of the court. A defendant so arrested may be detained in the county jail or other appropriate place of confinement until he can be taken before the judge.

See id
. § 21(b) (emphasis added).  Thus, section 21 on its face permits the arrest of a probationer during his community supervision period for violating any of the terms of his community supervision even without a warrant, simply on the trial court judge’s order. 
 Id
.  Because, juxtaposing section 5(b) with section 21(b), a warrant is not required to arrest a deferred adjudication probationer during his community supervision period for the violation of the terms of his supervision, the issuance of an “invalid” capias cannot defeat trial court jurisdiction.  That is, if a warrant is not statutorily required to effectuate an arrest, then an arrest pursuant to an allegedly invalid warrant cannot be fatal to the trial court’s jurisdiction.
(footnote: 2)
 Because we hold that the capias in the record before us was properly issued based on a showing of sworn facts presented to a neutral magistrate, we need not address the alternative constitutional argument predicated upon a holding that the capias here was not based on sworn facts establishing probable cause for his arrest.  
See Pena v. State
, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006) (holding that courts should not address constitutional complaints unless necessary for disposition of the case).  We overrule Ponto’s sole point and affirm the trial court’s judgment
.

SUE WALKER

JUSTICE 

PANEL A: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: November 2, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Ponto does not complain of the delay between his arrest, which occurred during his community supervision period, and the hearing on the State’s motion to adjudicate, which occurred after the conclusion of his community supervision period.