COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-06-112-CR

 

 

 

DAVID TRUMAN PONTO, JR.                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                               STATE

 

------------

 

FROM
COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

 

------------

 

MEMORANDUM
OPINION[1]

 

------------

I.
Introduction








In a single point, Appellant
David Truman Ponto, Jr. claims that after the conclusion of the period of his
deferred adjudication community supervision the trial court lost jurisdiction
to adjudicate his guilt because the capias issued by the trial court was not
sworn or supported by an oath or affirmation. 
See Tex. Code Crim. Proc.
Ann. art.  42.12, ' 5(h) (Vernon Supp. 2006). 
Because we hold that the capias issued by the trial court was supported
by sworn facts demonstrating probable cause, we will overrule Ponto=s issue and affirm the trial court=s judgment.

II.
Background

In October 2004, the trial
court placed Appellant David Truman Ponto, Jr. on community supervision for a
twelve-month period for a theft by check charge.  On August 8, 2005Cbefore the October 2005 expiration of Ponto=s deferred adjudication periodCthe State filed a motion to proceed to adjudication of guilt based on
multiple alleged violations of Ponto=s community supervision terms. 
The day after the State filed its motion, the trial court issued a
capias for Ponto=s
arrest.  Officers arrested Ponto later
that same month.  

In September, the State filed
an amended motion to proceed to adjudication of guilt alleging additional
community supervision violations.  The
trial court conducted a hearing on the State=s motion on March 3, 2006 and, after adjudicating Ponto=s guilt, sentenced him to 180 days= confinement.  The trial court
certified Ponto=s right to
appeal, and Ponto perfected this appeal.

III.
Jurisdiction of Trial Court








A trial court has jurisdiction to revoke community
supervision after the term of community supervision has expired if,
before the expiration of the community supervision period:  (1) the State filed a motion to revoke and
(2) a capias or arrest warrant was issued. 
Tex. Code Crim. Proc. Ann.
art. 42.12, ' 21(e) (Vernon Supp. 2006); see also
Brecheisen v. State, 4 S.W.3d 761, 763 (Tex. Crim. App. 1999); Shahan
v. State, 750 S.W.2d 381, 382 & n.1 (Tex. App.CFort Worth 1988), aff=d, 792 S.W.2d 101
(Tex. Crim. App. 1990).

Here, it is uncontested that
the State filed a motion and an amended motion to proceed with an adjudication
of Ponto=s guilt on August 8, 2005 and September 26, 2005, respectively.  Both motions were filed before the expiration
in October 2005 of Ponto=s deferred
adjudication community supervision term; therefore, the State filed its motions
to adjudicate in a timely manner. See Tex. Code
Crim. Proc. Ann. art. 42.12, ' 5(h).

Likewise, it is uncontested
that the capias issued on August 9, 2005 for Ponto=s arrest, was issued before the expiration in October 2005 of Ponto=s deferred adjudication community supervision term.  And, in fact, Ponto was arrested and posted a
bond for release prior to the expiration of his community supervision
period.  








Despite these undisputed
facts, Ponto contends that the trial court lacked jurisdiction under article
42.12, section 5(h) to adjudicate his guilt after the expiration of his
community supervision period.  Ponto
argues that the capias issued by the court was invalid because he claims that
it was not sworn or supported by an oath or affirmation.  According to Ponto, this allegedly invalid
capias did not operate to extend the trial court=s jurisdiction under article 42.12, section 5(h).  See id.  








A review of the capias in the
record, however, shows that it commands 
the arrest of Ponto Ato answer THE STATE OF TEXAS, upon the sworn Complaint and
Information presented to said Court which accuses the Defendant of having
committed a misdemeanor offense against the law of this state, to wit: MOTION
TO ADJUDICATE GUILT, THEFT>= $20<$500 BY CHECK.@ [Emphasis added.] The capias further provides, A[u]pon the determination by the undersigned authority, acting as a
magistrate, that probable cause for the arrest of the Defendant appears
thereupon.@  And the capias is signed by Jim Crouch,
Judge, County Criminal Court number 1, Denton County.  The Complaint, also in the record, is indeed
sworn.  Thus, it appears that the capias
was issued based upon sworn facts set forth in the sworn Complaint and based on
facts recited in the motion to adjudicate, all reviewed by Judge Crouch in his
capacity as a magistrate and found to constitute probable cause Afor the arrest of the Defendant.@  See Tex. Code Crim. Proc. Ann. art. 2.09
(Vernon Supp. 2006) (including Athe judges of the county criminal courts@ within the definition of magistrates for purposes of the code of
criminal procedure).  This capias meets
the requirements for a misdemeanor capias. 
See Sharp v. Texas, 677 S.W.2d 513, 518 (Tex. Crim.
App. 1984).  

And, in any event, the
deferred adjudication statute does not appear to require that a capiasCissued for the purpose of arresting a defendant alleged to have
violated the terms of his community supervisionCbe based on sworn facts or an oath or affirmation. See Tex. Code Crim. Proc. Ann. art.
42.12,    ' 5(b).  The statute provides
that A[o]n violation of a condition of community supervision imposed under
Subsection (a) of his section, the defendant may be arrested and detained as
provided in Section 21 of this article.@  Id.  Section 21(b) provides,

At
any time during the period of community supervision the judge may issue a
warrant for violation of any of the conditions of the community supervision and
cause the defendant to be arrested.  Any supervision officer, police officer or
other officer with power of arrest may arrest such defendant with or without
a warrant upon the order of the judge to be noted on the docket of the
court. A defendant so arrested may be detained in the county jail or other
appropriate place of confinement until he can be taken before the judge.

 








See id. ' 21(b) (emphasis added).  Thus,
section 21 on its face permits the arrest of a probationer during his community
supervision period for violating any of the terms of his community supervision
even without a warrant, simply on the trial court judge=s order.  Id.  Because, juxtaposing section 5(b) with
section 21(b), a warrant is not required to arrest a deferred adjudication
probationer during his community supervision period for the violation of the
terms of his supervision, the issuance of an Ainvalid@ capias
cannot defeat trial court jurisdiction. 
That is, if a warrant is not statutorily required to effectuate an
arrest, then an arrest pursuant to an allegedly invalid warrant cannot be fatal
to the trial court=s
jurisdiction.[2]

Because we hold that the
capias in the record before us was properly issued based on a showing of sworn
facts presented to a neutral magistrate, we need not address the alternative
constitutional argument predicated upon a holding that the capias here was not
based on sworn facts establishing probable cause for his arrest.  See Pena v. State, 191 S.W.3d 133, 136
(Tex. Crim. App. 2006) (holding that courts should not address constitutional
complaints unless necessary for disposition of the case).  We overrule Ponto=s sole point and affirm the trial court=s judgment.

 

SUE
WALKER

JUSTICE    

 

PANEL A: CAYCE, C.J.;
DAUPHINOT and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: November 2,
2006











[1]See Tex. R. App. P. 47.4.





[2]Ponto
does not complain of the delay between his arrest, which occurred during his
community supervision period, and the hearing on the State=s
motion to adjudicate, which occurred after the conclusion of his community
supervision period.