

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00255-CR
_____

CISELY WYVETTE MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 51,353-E, Honorable Douglas Woodburn, Presiding

April 2, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Cisely Wyvette Moore, appeals the trial court's judgment by which she was adjudicated guilty of aggravated assault with a deadly weapon and sentenced to five years' imprisonment.[1] On appeal, she contends the trial court lacked jurisdiction to adjudicate her guilt because no motion to proceed to adjudication had been filed. We will affirm.

_____

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

Factual and Procedural History

Appellant pleaded guilty to allegations of aggravated assault with a deadly weapon and was placed on deferred adjudication community supervision on November 1, 2005. In September 2007, her community supervision period was extended by two years, and was extended again in October 2012. The terms of her community supervision were also modified a number of times. In December 2013, the State alleged that she violated the terms of her community supervision, and a warrant was issued for her arrest. On June 12, 2014, the trial court held a hearing on the State's motion to proceed, during which appellant acknowledged having reviewed and understood those allegations and pleaded "true" to them. The trial court adjudicated appellant guilty of aggravated assault and sentenced her to five years' imprisonment. She has appealed and now contends that the trial court lacked jurisdiction to do so in the absence of a motion to proceed to adjudication.

Applicable Law and Analysis

The trial court "retains jurisdiction to hold a hearing . . . to proceed with an adjudication of guilt, . . . if[,] before the expiration [of the period of community supervision imposed,] the attorney representing the state files a motion to proceed with the adjudication and a capias is issued for the arrest of the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(h) (West Supp. 2014). So, it is clear that a trial court has jurisdiction to proceed to adjudication when, along with issuance of a capias during the probationary term, the State files a proper motion to proceed to adjudication within that same term. *See Rodriguez v. State*, 804 S.W.2d 516, 517 (Tex. Crim. App. 1991) (per curiam).

That said, appellant is correct that the State was required to file its motion to proceed to adjudication within appellant's probationary term. However, appellant is incorrect, it seems, that a motion was not timely filed in this case. In the original volume of the clerk's record, the State's motion to proceed to adjudication was not included. Per Rule 34.5, the State requested a supplement to the clerk's record to include the timely filed motion, "a relevant item" omitted from the original record. *See* TEX. R. APP. P. 34.5(c)(1). The supplemental clerk's record was filed on November 12, 2014, and does, in fact, include the State's "Motion to Proceed with Adjudication of Guilt on Original Charge" filed December 12, 2013. The supplemental record became part of the appellate record before us. *See* TEX. R. APP. P. 34.5(c)(3); *Condarco v. State*, No. 03-12-00572-CR, 2013 Tex. App. LEXIS 10741, at *19–20 (Tex. App.—Austin Aug. 27, 2013, no pet.) (mem. op., not designated for publication). Appellant has lodged no objection to its inclusion in the appellate record. Because it appears that a motion to proceed to adjudication was filed and a capias was issued, both having been completed within the period of appellant's community supervision, the trial court had jurisdiction to proceed to adjudicate appellant guilty of the original charges. We overrule appellant's contentions to the contrary.

Conclusion

Having overruled appellant's sole point of error, we affirm the trial court's judgment of conviction. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.

3